[Cite as *State v. Reid*, 2019-Ohio-531.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106944

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JERMAINE REID**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613596-A

**BEFORE:** E.T. Gallagher, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 14, 2019

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Shannon M. Raley
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Jermaine Reid, appeals from his sentence.  He raises the following assignments of error for review:

> 1.  The lower court erred in failing to consider a psychological report ordered pursuant to R.C. 2947.06(B) prior to imposing sentence on the appellant.

> 2. The lower court erred when it ruled that it was without jurisdiction to rule on appellant's motion for appointment of counsel to file for judicial release.

{¶2} After careful review of the record and relevant case law, we affirm.

### I.   Procedural History

{¶3} In February 2017, Reid was named in a six-count indictment, charging him with felonious assault of a peace officer in violation of R.C. 2903.11(A)(1); assault of a peace officer in violation of R.C. 2903.13(A); domestic violence in violation of R.C. 2919.25(A); criminal damaging in violation of R.C. 2909.06(A)(1); and two counts of resisting arrest in violation of

R.C. 2921.33(B). Reid's indictment stemmed from allegations that he assaulted two police officers and resisted arrest when the officers responded to his residence for a reported domestic abuse incident involving Reid and his mother.

{¶4} In May 2017, Reid retracted his former plea of not guilty and pleaded guilty to felonious assault of a peace officer, assault of a peace officer, domestic violence, and resisting arrest, as charged in the indictment. The criminal damaging offense was nolled. Upon accepting Reid's plea and finding him guilty of the foregoing offenses, the trial court referred Reid to the county probation department for a presentence investigation and report. The court further referred Reid to the court psychiatric clinic pursuant to R.C. 2947.06(B).

{¶5} In June 2017, the trial court held an extensive sentencing hearing and imposed an aggregate three-year prison term.

{¶6} In December 2017, Reid filed a pro se motion, requesting the court to "declare him indigent and to appoint counsel to file a motion for judicial release." The trial court denied Reid's request for the appointment of counsel, finding that the court "lacked jurisdiction."

{¶7} Reid now appeals from the trial court's judgment.[1]

## II. Law and Analysis

### A. Psychiatric Report

{¶8} In his first assignment of error, Reid argues the trial court erred in failing to consider his psychiatric report prior to imposing a sentence.

{¶9} In this case, the record reflects that on May 11, 2017, the trial court referred Reid to the court's psychiatric clinic for an evaluation before sentencing. Pursuant to R.C. 2947.06(B):

---

[1] In March 2018, this court granted Reid's pro se motion for leave to file a delayed appeal and appointed appellate counsel pursuant to Loc.R. 46.

The court may appoint not more than two psychologists or psychiatrists to make any reports concerning the defendant that the court requires for the purpose of determining the disposition of the case. * * * The psychologist's or psychiatrist's reports shall be made in writing, in open court, and in the presence of the defendant, except in misdemeanor cases in which sentence may be pronounced in the absence of the defendant. A copy of each report of a psychologist or psychiatrist may be furnished to the defendant, if present, who may examine the persons making the report, under oath, as to any matter or thing contained in the report.

{¶10} On appeal, Reid argues the trial court's failure to consider his psychiatric report and make it part of the record prior to imposing a sentence violated the mandatory terms of R.C. 2947.06(B) and constituted an abuse of discretion given his mental health history.

{¶11} Relevant to this appeal, the record reflects that the trial court gave defense counsel, Reid's mother, and Reid the opportunity to address the court prior to sentencing. Regarding Reid's mental health history and his related anger issues, the court received substantial information concerning Reid's hospitalization history, his criminal history, and his prescribed medications. In addition, the court's mental health coordinator, Meghan Patton, addressed the court during the sentencing hearing and indicated Reid was found to be compliant with his mental health medication at the time of the offense and was seeing his doctor and caseworker "on a continual basis." Patton stated that "the report" indicates that Reid was hospitalized at North Coast Behavioral Healthcare Center in May 2013, and currently is taking injectable anti-psychotic medication.

{¶12} Before imposing Reid's sentence, the trial court stated that in addition to the sentencing factors delineated under R.C. 2929.11 and 2929.12, it considered "the record," the presentence investigation report, and the oral statements made during the sentencing hearing. With respect to Reid's mental health, the trial court stated, in relevant part:

Mr. Reid, I made sure that I got all the information on you before today because I wanted to make sure that this Court considered everything that happened here. One of my main concerns was to make sure that you were on — whether you were off or on your medication at the time. But we've just found out that you were on your medication so now it boils down to just your anger management. And you've had that issue a long time and you've got to address that issue.

* * *

And I know you indicated to me that in prison last time you were doing something in regard [to anger management] and that is very, very important for you because while this is mental health court and while I do my best to consider everything, because one of the things we look at in mental health court is we don't want to criminalize someone just because they have mental health issues. But in this case you basically had all your medications, but it was just a matter of this anger that you just really got to get a hold on.

{¶13} After careful review, we are unable to conclude that the trial court committed reversible error by failing to directly reference the psychiatric report during the sentencing hearing. In rejecting a similar argument, this court found no case law or statute to support the contention that "failing to mention the psychiatric report at the sentencing hearing constitutes reversible error." *State v. Floyd,* 8th Dist. Cuyahoga No. 101301, 2015-Ohio-763, ¶ 17. As in *Floyd*, Reid has not cited any persuasive authority to support his position on appeal; nor did defense counsel object to the trial court's failure to mention the psychiatric report on the record.

{¶14} Moreover, it is evident that the trial court thoroughly considered Reid's mental health history and his compliance with his mental health medication when rendering its sentence in this matter. The trial court held an extensive sentencing hearing to properly assess Reid's mental health status and determine whether this incident was the result of Reid's mental health issues or a product of his unresolved anger management issues. To this end, the trial court heard from the court's mental health coordinator and was notified that Reid was found to be compliant with his medications at the time of the offense and was in contact with his doctor on a continual

basis. Similarly, the court stated that it considered the entire "record," which included Reid's presentence investigation report and the sealed Mitigation of Penalty Report submitted by the Court Psychiatric Clinic on June 6, 2017.

{¶15} Based on the foregoing, we find no grounds to vacate Reid's sentence. Reid's first assignment of error is overruled.

### B. Denial of Motion to Appoint Counsel for Judicial Release

{¶16} In his second assignment of error, Reid argues the trial court erred when it determined that it did not have jurisdiction to rule on his request for the appointment of counsel.

{¶17} As stated, Reid filed a pro se motion in December 2017, requesting the court to "declare him indigent and to appoint counsel to file a motion for judicial release" on his behalf. Reid argued that "R.C. 2929.20 outlines the statutory procedures pertaining to judicial release" and that "the best likeliness of success is filing with the assistance of counsel."

{¶18} On appeal, Reid does not assert that he has a constitutional right to the appointment of counsel to file a motion for judicial release. Rather, he argues the trial court's judgment constituted reversible error because the trial court denied the motion on jurisdictional grounds. However, it is the duty of the reviewing court to affirm the judgment if it can be supported on any theory, although a different theory from that of the trial court. *See Misseldine v. Am. Guar. & Liab. Ins. Co.*, 8th Dist. Cuyahoga No. 82029, 2003-Ohio-2315, ¶ 7, citing *Newcomb v. Dredge*, 105 Ohio App. 417, 424, 152 N.E.2d 801 (2d Dist.1957). Thus, regardless of the trial court's reference to its jurisdiction to consider the request, we find the trial court did not err in denying Reid's motion for the appointment of counsel to represent him during the judicial release proceedings. There is simply no language in the Federal or Ohio Constitution to suggest Reid was entitled to court-appointed representation at this stage.

{¶19} Reid's second assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR