[Cite as *State v. Powers*, 2024-Ohio-1521.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-09-100 |
| | : | O P I N I O N |
| - vs - | | 4/22/2024 |
| | : | |
| JOHN LINCOLN POWERS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-11-1540

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, John Lincoln Powers, appeals his conviction in the Butler County Court of Common Pleas after a jury found him guilty of one count of second-degree felony endangering children. For the reasons outlined below, we affirm Powers' conviction.

{¶ 2} On December 12, 2022, the Butler County Grand Jury returned an indictment charging Powers with one count of endangering children in violation of R.C.

2919.22(B)(1), a second-degree felony in accordance with R.C. 2919.22(E)(1)(d), and one count of murder, an unclassified felony, in violation of R.C. 2903.02(B). According to the bill of particulars, these charges arose after it was alleged Powers caused serious physical harm to his two-month old infant daughter, Kiara, that resulted in the child's death while she was in his sole custody sometime between April 4 and May 10, 2022. The bill of particulars alleged that an autopsy was thereafter performed on Kiara's body that revealed the child had suffered a "massive head injury" that "killed her" while she was in Powers' care on the morning of May 10, 2022. The bill of particulars also alleged that Kiara's autopsy revealed "healing brain injuries" and "signs of historical injuries commonly associated with abuse" to her body.

{¶ 3} On June 20, 2023, a seven-day jury trial began on the matter. Following the presentation of the evidence, which included several unobjected to photographs taken during Kiara's autopsy, the jury returned a verdict finding Powers guilty of endangering children, but not guilty of murder. Several weeks later, on August 10, 2023, the trial court held a sentencing hearing where it sentenced Powers on that endangering children charge to an indefinite term of eight to 12 years in prison, less 235 days of jail-time credit.[1] The trial court also ordered Powers to pay $1,750 in restitution to Kiara's mother and notified Powers that he would be subject to a mandatory postrelease control term for up to three years, but not less than 18 months, upon his release from prison. The trial court issued its judgment of conviction entry on August 16, 2023. Powers filed a timely notice of appeal from the trial court's judgment of conviction entry on September 13, 2023.

{¶ 4} Powers' appeal now properly before this court for decision, Powers has raised three assignments of error for review.

---

1. The record indicates that Powers has an anticipated prison release date of December 16, 2030.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT COMMITTED PLAIN ERROR BY ALLOWING GRUESOME AUTOPSY PHOTOGRAPHS TO BE SHOWN TO THE JURY.

{¶ 7} In his first assignment of error, Powers argues the trial court committed plain error by admitting into evidence seven photographs taken during Kiara's autopsy. To support this claim, Powers argues the introduction of those photographs was unfairly prejudicial to him due to their "gruesome" nature in that they "graphically show her with her scalp pulled back, brain exposed, blood oozing from her head, and her inverted brain on a cutting board." We disagree.

{¶ 8} Normally, this court "will not reverse a trial court's decision regarding the admission of evidence absent an abuse of discretion." *State v. Buell*, 12th Dist. Warren No. CA2015-11-102, 2016-Ohio-5477, ¶ 32. Powers, however, concedes that he did not object during trial to the admission of any of the seven challenged photographs. By failing to object, Powers has forfeited all but plain error on appeal. *State v. Shouse*, 12th Dist. Brown No. CA2013-11-014, 2014-Ohio-4620, ¶ 20. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "'By its very terms, [Crim.R. 52(B)] places three limitations on a reviewing court's decision to correct an error' that was not raised in the trial court." *State v. Garrett*, 171 Ohio St.3d 139, 2022-Ohio-4218, ¶ 63, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 9} "To demonstrate plain error, an appellant must show (1) that there was an error, (2) that the error was 'plain,' i.e., obvious, and (3) that the error affected the appellant's 'substantial rights,'" *State v. Drain*, 170 Ohio St.3d 107, 2022-Ohio-3698, ¶ 52, which the Ohio Supreme Court has "interpreted to mean that the error affected the outcome of the trial." *State v. Brinkman*, 169 Ohio St.3d 127, 2022-Ohio-2550, ¶ 45. "The

elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention." *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, ¶ 9. It is the second part of that three-part test that "gives teeth" to the Ohio Supreme Court's belief that "the plain-error doctrine is warranted only under exceptional circumstances to prevent injustice." *Id.* at ¶ 15, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus ("[n]otice of plain error under Crim.R. 52[B] is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice").

{¶ 10} Given these principles, for Powers to prevail under a plain error standard of review, Powers must establish: (1) that the trial court erred by admitting the seven challenged photographs taken during Kiara's autopsy into evidence; (2) that the error was obvious; and (3) that there is a reasonable probability that the admission of those photographs affected the outcome of his trial. Yet, in his appellate brief, Powers merely argues that the trial court committed plain error by admitting those photographs into evidence because there was "no indication that the trial court made any effort to minimize the impact of the photographs or limit the jury's exposure," and because there was "no need for the photographs because Powers did not dispute that Kiara died as a result of a serious head injury."

{¶ 11} However, in cases where the defendant is being tried for murder, the Ohio Supreme Court has determined that "autopsy photographs depicting a victim's injuries '[are] probative of the manner of death and [the defendant's] specific intent to kill.'" *State v. Nicholson*, Slip Opinion No. 2024-Ohio-604, ¶ 148, quoting *State v. Shine*, 8th Dist. Cuyahoga No. 105352, 2018-Ohio-1972, ¶ 87, citing *State v. Craig*, 110 Ohio St.3d 306, 2006-Ohio-4571, ¶ 93. The Ohio Supreme Court has also "upheld the admission of gruesome photographs when the photographs 'supported the coroner's testimony and

provided a perspective of the victims' wounds.'" *Id.*, quoting *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 142.[2] That is exactly what occurred here. Therefore, while it may be true that the Ohio Supreme Court has criticized the admission of "excessive crime-scene and autopsy photographs in a murder trial, because gruesome photographs expose the jurors to horrific images and might serve no useful purpose except to inflame the passions of the jurors," *id.*, citing *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, ¶ 257, the trial court did not commit error, plain or otherwise, by admitting the challenged photographs into evidence in this case. Powers' claim otherwise lacks merit.

{¶ 12} Alternatively, even if we were to find the trial court's decision to admit the seven challenged photographs into evidence was error, which we do not, there is nothing in the record to indicate the photographs' admission affected the outcome of Powers' trial. That is to say, there is nothing in the record to indicate that Powers was prejudiced by the photographs' admission into evidence. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22 (noting that when reviewing for plain error, "even if the error is obvious, it must have affected substantial rights," thus requiring "[t]he accused * * * to demonstrate a reasonable *probability* that the error resulted in prejudice"); *see also State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 23 (rejecting the notion that there is any category of forfeited error that is not subject to the plain error rule's requirement of prejudicial effect on the outcome).

{¶ 13} Had that been the case, thereby inflaming the jurors' passions against Powers, the jury certainly would have found Powers guilty of murdering Kiara rather than awarding Powers with an acquittal on that charge. As for the offense that Powers actually

---

2. Photographs are deemed to be "gruesome" where they depict "actual bodies or body parts," because "photos of blood stains or fire damage to property do not have a shock value equivalent to the photograph of a corpse." *State v. DePew*, 38 Ohio St.3d 275, 281 (1988).

was convicted of, endangering children, Powers' "substantial rights cannot be prejudiced where the remaining evidence, standing alone, is so overwhelming that it constitutes appellant's guilt, and the outcome of the case would have been the same regardless of evidence admitted erroneously." *State v. Davis*, 10th Dist. Franklin No. 01AP-579, 2002 Ohio App. LEXIS 1700, *13 (Apr. 18, 2002). As discussed more fully below in Powers' third assignment of error, that is certainly the case here with respect to Powers' conviction for child endangering in violation of R.C. 2919.22(B)(1) and (E)(1)(d). Therefore, because Powers cannot establish error, plain or otherwise, stemming from the trial court's decision to admit into evidence the photographs taken during Kiara's autopsy, Powers' first assignment of error lacks merit and is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED POWERS THE OPPORTUNITY TO PRESENT FAVORABLE EVIDENCE IN REBUTTAL.

{¶ 16} In his second assignment of error, Powers argues the trial court erred by excluding from evidence certain text messages exchanged between himself and Kiara's mother used to refresh his recollection at trial. Powers also argues the trial court erred by preventing him from having his brother, James, testify to specific instances in which he had taken good care of James' children in the past, thereby establishing himself as someone who was "capable of caring for children without harming them." We disagree with both of Powers' claims.

{¶ 17} To support his claims, Powers initially argues that the trial court's decision to exclude the above referenced evidence "prevented [him] from rebutting the evidence presented by the state" and "allowed a one-sided picture to be painted to the jury that he, out of frustration and incompetence, was the only one who could have possibly injured

Kiara." However, as it relates to the text messages exchanged between Powers and Kiara's mother that Powers used to refresh his recollection at trial, the trial court properly excluded those text messages from evidence in accordance with Evid.R. 612.

{¶ 18} Pursuant to Evid.R. 612, "a prior written statement of a witness can be used at trial to refresh the memory of the witness so long as the adverse party has an opportunity to inspect the statement during the trial, cross-examine the witness on it, and introduce the relevant portions of it into evidence." *State v. Watson*, 11th Dist. Trumbull No. 2011-T-0053, 2012-Ohio-5929, ¶ 37. Specifically, Evid.R. 612 provides, in pertinent part:

> If a witness uses a writing to refresh memory for the purpose of testifying, either: (1) while testifying; or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing. The adverse party is also entitled to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

The rule thus permits a witness "to review the prior statement to refresh [the witness'] memory after [the witness' memory] has been exhausted or nearly exhausted and then to testify on the basis of [his or her] present knowledge of the facts." *State v. Curtis*, 12th Dist. Brown No. CA2009-01-004, 2009-Ohio-6740, ¶ 42.

{¶ 19} But, while it may be true that Evid.R. 612 permits a witness to review a writing to refresh his or her recollection at trial, "[t]he writing 'merely serves as a memory jogging device.'" *State v. Thomas*, 12th Dist. Warren No. CA2010-10-099, 2012-Ohio-2430, ¶ 52, quoting *State v. Gunn*, 2nd Dist. Montgomery No. 16617, 1998 Ohio App. LEXIS 3593, *28 (Aug. 7, 1998). This means "the statement used to refresh the witnesses' recollection is not admitted into evidence unless requested by the adverse party and is not to be considered as substantive evidence." *State v. B.C.M.*, 12th Dist.

Warren Nos. CA2016-07-059 and CA2016-07-062, 2017-Ohio-1497, ¶ 41. This is because, "[t]he testimony of the witness whose recollection has been refreshed is the evidence, not the contents of the writing." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, ¶ 57. Therefore, because the state, as the adverse party, did not request the text messages that Powers used to refresh his recollection be admitted into evidence at trial, the trial court properly excluded those text messages from evidence in accordance with Evid.R. 612. Powers' claim otherwise lacks merit.

{¶ 20} Next, as it relates to the trial court's decision to exclude the testimony of Powers' brother, James, as to specific instances in which he had taken good care of James' three children in the past, the trial court properly denied this testimony from being introduced into evidence in accordance with Evid.R. 405(B). Pursuant to that rule, in cases in which character or trait of character of a person is an essential element of a charge, claim, or defense, proof may be made of "specific instances of his conduct." *State v. Stidham*, 12th Dist. Clermont No. CA92-02-022, 1992 Ohio App. LEXIS 5225, *5 (Oct. 12, 1992). Therefore, given the plain language of the rule, the method for proving character by specific instances of conduct under Evid.R. 405(B) can only be done in cases where character or a trait of character of a person *is an essential element of a charge, claim, or defense*.

{¶ 21} In this case, however, the fact that Powers may have taken care of James' three children in the past without causing them physical harm does not go to any essential element of either endangering children or murder, the two offenses for which Powers was being tried. It was also not an essential element to any defense that Powers' either raised, or could have raised, as part of his defense case-in-chief. Therefore, because the method for proving character by specific instances of conduct can only be done in cases where character or a trait of character of a person is an essential element of a charge, claim, or

defense, the trial court properly excluded James' proffered testimony in accordance with Evid.R. 405(B). Powers' claim otherwise lacks merit. Accordingly, finding no merit to either of the two arguments raised by Powers' herein, Powers' second assignment of error also lacks merit and is overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} THE EVIDENCE PRESENTED AT TRIAL IS LEGALLY INSUFFICIENT TO SHOW THAT POWERS CAUSED THE INJURY THAT CAUSED KIARA'S DEATH.

{¶ 24} In his third assignment of error, Powers argues his conviction for one count of second-degree felony endangering children in violation of R.C. 2919.22(B)(1) and (E)(1)(d) was not supported by sufficient evidence. We disagree.

{¶ 25} "A claim challenging the sufficiency of the evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 165, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Such a challenge "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34. "The relevant inquiry is 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Roper*, 12th Dist. Clermont No. CA2021-05-019, 2022-Ohio-244, ¶ 39, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." R.C. 2901.05(E). "[A] reversal based on insufficient evidence leads to an acquittal that bars a retrial." *State v. Gideon*, 165 Ohio St.3d 156, 2020-Ohio-6961, ¶ 27.

**{¶ 26}** As noted above, Powers was convicted of one count of endangering children in violation of R.C. 2919.22(B)(1), a second-degree felony in accordance with R.C. 2919.22(E)(1)(d). Pursuant to those two statutes, "no person shall abuse a child under 18 years of age where the abuse results in serious physical harm." *State v. Reed*, 12th Dist. Warren No. CA2022-03-012, 2023-Ohio-878, ¶ 37. "[T]he culpable mental state for endangering children in violation of R.C. 2919.22(B)(1) is that of recklessness." *State v. Cunningham*, 12th Dist. Butler No. CA2016-04-083, 2017-Ohio-4363, ¶ 27, citing *State v. Adams*, 62 Ohio St.2d 151 (1980), paragraph one of the syllabus. "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). The phrase "serious physical harm" is defined by R.C. 2901.01(A)(5)(c) to mean "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity[.]"

**{¶ 27}** Powers argues his conviction for endangering children was not supported by sufficient evidence because there was no "direct evidence" that he ever acted recklessly to cause Kiara serious physical harm. However, although the record may not contain any *direct* evidence to establish Powers' guilt, such as eyewitness testimony as to what caused Kiara's injuries, the record contains overwhelming *circumstantial* evidence to prove Powers' guilt beyond a reasonable doubt. That is to say, the record contains overwhelming circumstantial evidence that it was Powers who acted recklessly in causing Kiara to suffer serious physical harm to her person sometime between April 4 and May 10, 2022 as alleged in the indictment. This includes the fact that Kiara suffered significant head trauma during the late evening or early morning hours of May 9 and 10, 2022 that resulted in Kiara's brain sustaining substantial, life-ending injuries, while she was in

Powers' sole custody and care. *See, e.g., State v. Evans*, 12th Dist. Warren No. CA2017-04-049, 2018-Ohio-916, ¶ 65 ("[t]he fact that the infant was healthy until being left alone in appellant's care is circumstantial evidence that appellant abused the infant and caused the infant serious physical harm while the infant was in his custody").

**{¶ 28}** "'[C]ircumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 75, quoting *State v. Heinish*, 50 Ohio St.3d 231, 238 (1990). "A conviction based on purely circumstantial evidence is no less sound than a conviction based upon direct evidence." *State v. Apanovitch*, 33 Ohio St.3d 19, 27 (1987); *State v. Zimmerer*, 12th Dist. Butler No. CA2019-10-176, 2020-Ohio-3921, ¶ 26 ("[a] conviction based on circumstantial evidence is no less sound than one based on direct evidence"). "'It is not unusual that evidence of shaken baby syndrome [or abusive head injury] may be primarily circumstantial, especially where a child is in the sole custody of one adult at the time the injuries are sustained.'" *State v. Milby*, 12th Dist. Warren No. CA2013-02-014, 2013-Ohio-4331, ¶ 39, quoting *State v. Woodson*, 8th Dist. Cuyahoga No. 85727, 2005-Ohio-5691, ¶ 53. Therefore, finding Powers' conviction for endangering children in violation of R.C. 2919.22(B)(1) and (E)(1)(d) was supported by sufficient evidence, albeit circumstantial, Powers' third assignment of error likewise lacks merit and is overruled.

**{¶ 29}** Judgment affirmed.

PIPER and BYRNE, JJ., concur.