[Cite as *State v. Babb*, 2024-Ohio-2018.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-10-113 |
| | : | O P I N I O N |
| - vs - | | 5/28/2024 |
| | : | |
| ANN M. BABB, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2023-06-0877

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher Pagan, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Ann M. Babb, appeals her conviction in the Butler County Court of Common Pleas following her guilty plea to one count of fourth-degree felony grand theft and one count of fifth-degree felony misuse of credit cards. For the reasons outlined below, we affirm Babb's conviction.

{¶ 2} On July 6, 2023, Babb pled guilty to one count of grand theft in violation of

R.C. 2913.02(A)(2), a fourth-degree felony pursuant to R.C. 2913.02(B)(2), and one count of misuse of credit cards in violation of R.C. 2913.21(B)(2), a fifth-degree felony.[1] The charges arose after it was discovered Babb had written out to herself a series of checks belonging to the victim, her employer, St. Paul United Church of Christ, in the amount of $95,648.29 between January 8, 2019 through January 1, 2022, as well as misused the church's credit cards to benefit herself and others to the tune of $57,570.02 between May 25, 2019 through January 1, 2022.[2] Or, as Babb stated when asked by the trial court to express in her own words what the state alleged she had done, "They are alleging that I stole money, did the records incorrectly, and used the credit card incorrectly."

{¶ 3} Following the necessary Crim.R. 11(C) plea colloquy, the trial court accepted Babb's guilty pleas to both charges upon finding her pleas were knowingly, intelligently, and voluntarily entered. Just over two months later, on September 21, 2023, the trial court held a sentencing hearing where it sentenced Babb to serve a total of 18 months in prison. The trial court also ordered Babb to pay restitution to the church in the amount of $53,218.26 and advised Babb that she would be subject to an optional two-year postrelease control term upon her release from prison.[3] In so doing, the trial court stated:

> The Defendant was hired as a member of the congregation, or at least became a member. She was hired to keep the books, be the church secretary. She was given, apparently, absolute 100 percent trust and authority over the checks, the books and appears to be very little in terms of audit, functions available. She was placed in a position of trust by a church

---

1. Babb also pled guilty to one count of first-degree misdemeanor tampering with records in violation of R.C. 2913.42(A)(1). Babb, however, does not challenge her conviction for that charge on appeal.

2. The record indicates that some of the money Babb had stolen from the church was used to make purchases at Boost Mobile, King's Island, Olive Garden, Chipotle, Enterprise Rent-a-Car, as well as to provide funds to her boyfriend who was serving time in prison.

3. The record indicates that the amount of restitution was stipulated to by the parties after the church's insurance provided the church with a $100,000 payment to cover some of its losses.

and by the congregation. She violated that position of trust. The trial court also noted that Babb had "accepted very little in terms of responsibility" for her conduct.

**{¶ 4}** On October 12, 2023, Babb filed a notice of appeal. Following briefing by both parties, oral argument was held before this court on April 8, 2024. Babb's appeal now properly before this court for decision, Babb has raised two assignments of error for review.

**{¶ 5}** Assignment of Error No. 1:

**{¶ 6}** IT WAS ERROR TO CHARGE, ADJUDICATE, AND SENTENCE BABB FOR F4 GRAND THEFT AND F5 CREDIT-CARD MISUSE BECAUSE THE THEFT AGGREGATION STATUTE (R.C. 2913.61(C)(1)) REQUIRED A SINGLE OFFENSE.

**{¶ 7}** In her first assignment of error, Babb argues her conviction for both fourth-degree felony grand theft in violation of R.C. 2913.02(A)(2) and fifth-degree felony misuse of credit cards in violation of R.C. 2913.21(B)(2) was improper because R.C. 2913.61(C)(1) required her "series unauthorized checks and credit card purchases" be tried as a single offense. Babb also argues that it was "multiplicitous" for the state to charge her with both fourth-degree felony grand theft and fifth-degree felony misuse of credit cards because R.C. 2913.61(C)(1) "prohibits separate offenses," thereby requiring the trial court to have "merged" those offenses at sentencing. We disagree with both of Babb's claims.

**{¶ 8}** Despite Babb's claims, the plain language set forth in R.C. 2913.61(C)(1) does not support either of Babb's arguments set forth above. As relevant here, R.C. 2913.61(C)(1) states:

> When a series of offenses under section 2913.02 of the Revised Code, or a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations

- 3 -

of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section 2913.31 or 2913.43 of the Revised Code involving a victim who is an elderly person or disabled adult, is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense.

{¶ 9} Given the plain language of the statute, "[t]wo distinct series of offenses are set forth in the statute: a series of theft offenses, and a series of offenses under other statutes." *State v. Gibson*, 2d Dist. Champaign No. 2013-CA-11, 2014-Ohio-136, ¶ 17. Therefore, "from the fact that the statute refers to two different series of offenses, that the aggregation required by the statute is with respect to each series of offenses, separately, in a case in which more than one of those series is involved." *Id.* at ¶ 18. Such is the case here. Accordingly, because fourth-degree felony grand theft in violation of R.C. 2913.02(A)(2) is included within the first series of offenses subject to aggregation, whereas fifth-degree felony misuse of credit cards in violation of R.C. 2913.21(B)(2) is included within the second series of offenses subject to aggregation, the two offenses that Babb pled guilty are not themselves subject to aggregation with one another under R.C. 2913.61(C)(1). To the extent Babb argues otherwise, and to the extent Babb claims those two offenses should have "merged" at sentencing, Babb's first assignment of error lacks merit and is overruled.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT COMMITTED ERROR AT SENTENCING.

{¶ 12} In her second assignment of error, Babb initially argues the trial court violated the requirements set forth in R.C. 2947.06(B) by not having the forensic mitigation report generated in this case be made in writing, in open court, and in her presence at sentencing, thereby requiring her sentence be reversed and the matter remanded to the trial court for resentencing. Babb, however, never raised this issue with

the trial court. By failing to raise this issue below, Babb has forfeited all but plain error on appeal. *See State v. Powers*, 12th Dist. Butler No. CA2023-09-100, 2024-Ohio-1521, ¶ 8.

**{¶ 13}** Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "To demonstrate plain error, an appellant must show (1) that there was an error, (2) that the error was 'plain,' i.e., obvious, and (3) that the error affected the appellant's 'substantial rights,'" *State v. Drain*, 170 Ohio St.3d 107, 2022-Ohio-3698, ¶ 52, which the Ohio Supreme Court has "interpreted to mean that the error affected the outcome of the trial." *State v. Brinkman*, 169 Ohio St.3d 127, 2022-Ohio-2550, ¶ 45. "The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention." *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, ¶ 9. Babb has failed to establish not one, but all three elements of the plain-error doctrine in this case. Therefore, because all three elements must apply to justify an appellate court's intervention, this court finds no merit to Babb's claim that the trial court's failure to adhere to the requirements set forth in R.C. 2947.06(B) mandates this court reverse her sentence and remand this matter to the trial court for resentencing.

**{¶ 14}** Regardless, even if Babb had raised this issue below, thereby not forfeiting all but plain error on appeal, Babb has not cited to any legal authority to support her position that the court's failure to adhere to the requirements set forth in R.C. 2947.06(B) mandated her sentence be reversed and a new sentencing hearing be had. *See State v. Reid*, 8th Dist. Cuyahoga No. 106944, 2019-Ohio-531, ¶ 13 (noting that "[a]fter careful review, we are unable to conclude that the trial court committed reversible error by failing to directly reference the psychiatric report during the sentencing hearing" where appellant did not cite to "any persuasive authority to support his position on appeal; nor did defense

counsel object to the trial court's failure to mention the psychiatric report on the record"); and *State v. Floyd*, 8th Dist. Cuyahoga No. 101301, 2015-Ohio-763, ¶ 17 ("[appellant] fails to cite to any case law or statute to support his contention that failing to mention the psychiatric report at the sentencing hearing constitutes reversible error"). This is particularly true here when considering the trial court expressly stated at sentencing, without any response from Babb or her defense counsel, that it had reviewed the forensic mitigation report generated in this case, that it had found the report "very interesting," but that the report did not provide the court with "a whole lot that was necessarily relevant." Therefore, even when reviewing for error and not just plain error, we still find no error that mandates Babb's sentence be reversed and a new sentencing hearing be had based on the trial court's failure to adhere to the requirements set forth in R.C. 2947.06(B) at sentencing. Accordingly, finding no error, plain or otherwise, Babb's first argument lacks merit.

{¶ 15} Babb also argues the trial court erred at sentencing by failing to find fourth-degree felony grand theft in violation of R.C. 2913.02(A)(2) merged with fifth-degree felony misuse of credit cards in violation of R.C. 2913.21(B)(2) in this case as allied offenses of similar import for purposes of sentencing. However, as the record plainly establishes, Babb's conduct giving rise to the charge of fourth-degree felony grand theft was wholly separate and distinct from Babb's conduct giving rise to the charge of fifth-degree felony misuse of credit cards; the former based on Babb's writing out checks to herself that belonged to her employer, St. Paul United Church of Christ, in the amount of $95,648.29 between January 8, 2019 through January 1, 2022, whereas the latter was based on Babb's misuse of the church's credit cards to benefit herself and others to the tune of $57,570.02 between May 25, 2019 through January 1, 2022.

{¶ 16} "It is well established that offenses committed by separate conduct are not

allied offenses subject to merger." *State v. Lane*, 2d Dist. Greene No. 2014-CA-54, 2015-Ohio-2712, ¶ 9, citing *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 31; and *State v. Johnson*, 128 Ohio St. 3d 153, 2010-Ohio-6314, ¶ 49-51. Such is clearly the case here. *See, e.g., State v. Slamka*, 12th Dist. Butler No. CA2018-10-200, 2019-Ohio-3317, ¶ 31 (appellant's two theft offenses were not allied offenses of similar import as the offenses were committed separately and involved different conduct; "the first count of theft related to appellant stealing [the victim's] credit card, whereas the second count of theft related to appellant withdrawing money from ATM machines with the stolen credit card"). Therefore, because Babb committed fourth-degree felony grand theft separately from her commission of fifth-degree felony misuse of credit cards, the trial court did not err by failing to merge those two offenses as allied offenses of similar import at sentencing. Babb's claim otherwise lacks merit. Accordingly, finding no merit to either of the two arguments raised by Babb herein, Babb's second assignment of error also lacks merit and is overruled.

{¶ 17} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.