[Cite as *State v. Palma*, 2025-Ohio-1318.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2024-08-101<br>CA2024-08-108 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 4/14/2025 |
| JUAN PALMA II, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-04-0633

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Juan Palma II, appeals his convictions in the Butler County Court of Common Pleas after a jury found him guilty of: Count 1, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony in accordance with R.C. 2921.331(C)(5)(a)(ii); Count 2, obstructing official business in violation of R.C. 2921.31(A), a fifth-degree felony pursuant to R.C. 2921.31(B); and Count 3, resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor. For the reasons outlined below, we affirm Palma's convictions for all three offenses.

**Facts and Procedural History**

**{¶ 2}** The charges arose after Palma took officers on a high-speed chase at speeds up to 70 mph through a residential neighborhood that created several near-miss collisions with other motorists. Palma had refused to stop after police attempted to pull his vehicle over. Eventually, Palma eluded police but was later taken into custody and placed under arrest at his residence in Butler County after he was discovered by police hiding in a clothes dryer.

**{¶ 3}** On July 1, 2024, the matter proceeded to a one-day jury trial. Following trial, the jury returned a verdict finding Palma guilty of all three charges. The following month, on August 7, 2024, the trial court held a sentencing hearing where it sentenced Palma to serve a total of 18 months in prison, less 91 days of jail-time credit. Shortly thereafter, on August 20, 2024, Palma filed a notice of appeal. On March 12, 2025, Palma's appeal was submitted to this court for consideration. Palma's appeal now properly before this court for decision, Palma has raised two assignments of error for review.

**Assignment of Error No. 1:**

**{¶ 4}** THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLANT'S FELONY CONVICTIONS FOR FAILURE TO COMPLY WITH AN ORDER OR SIGNAL OF A POLICE OFFICER AND OBSTRUCTING OFFICIAL BUSINESS AND THE VERDICTS OF GUILTY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶ 5}** In his first assignment of error, Palma argues his convictions for Count 1 and Count 2 were not supported by sufficient evidence and against the manifest weight

of the evidence.[1] We disagree.

*Standards of Review*

**{¶ 6}** A claim challenging the sufficiency of the evidence "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 2013-Ohio-5202, ¶ 34 (12th Dist.). When making such a determination, "[t]he relevant inquiry is 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Roper*, 2022-Ohio-244, ¶ 39 (12th Dist.), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶ 7}** When conducting this inquiry, "appellate courts do not assess whether the prosecution's evidence is to be believed but whether, if believed, the evidence supports the conviction." *State v. Carter*, 2018-Ohio-29, ¶ 7 (8th Dist.). Therefore, when reviewing whether a jury's guilty verdict was supported by sufficient evidence, "[t]his court merely determines whether there exists any evidence in the record that the trier of fact could have believed, construing all evidence in favor of the state, to prove the elements of the crime beyond a reasonable doubt." *State v. Brummett*, 2024-Ohio-2332, ¶ 9 (12th Dist.). "A reversal based on insufficient evidence leads to an acquittal that bars a retrial." *State v. Powers*, 2024-Ohio-1521, ¶ 25 (12th Dist.).

**{¶ 8}** "Unlike the sufficiency-of-the-evidence standard of review," which, as noted above, addresses the state's burden of production, "'a manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion.'" *State v. Casey*, 2024-Ohio-689, ¶ 10 (12th Dist.), quoting *State v. Messenger*, 2022-Ohio-4562, ¶ 26. "To

---

1. Palma does not challenge his conviction for Count 3, resisting arrest, a second-degree misdemeanor. Palma therefore concedes that his conviction for that offense was supported by sufficient evidence and not against the manifest weight of the evidence.

determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Lewis*, 2020-Ohio-3762, ¶ 18 (12th Dist.), citing *State v. Wilks*, 2018-Ohio-1562, ¶ 168.

{¶ 9} But, even then, a determination regarding the witnesses' credibility is primarily for the trier of fact to decide. *State v. Baker*, 2020-Ohio-2882, ¶ 30 (12th Dist.), citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Therefore, given that it is primarily the trier of fact who decides witness credibility, this court will overturn a conviction on manifest-weight grounds "only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Kaufhold*, 2020-Ohio-3835, ¶ 10 (12th Dist.). This may occur only when there is unanimous disagreement with the jury's verdict. *State v. Marcum*, 2016-Ohio-263, ¶ 10 (12th Dist.).

*Third-Degree Felony Failure to Comply with an Order or Signal of a Police Officer*

{¶ 10} Palma was convicted of failing to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). That statute prohibits any person from operating a motor vehicle "so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." A violation of R.C. 2921.331(B) is generally charged as a fourth-degree felony in accordance with R.C. 2921.331(C)(3). However, pursuant to R.C. 2921.331(C)(5)(a)(ii), a violation of R.C. 2921.331(B) rises to a third-degree felony if the jury finds, beyond a reasonable doubt, that the operation of the motor vehicle by the offender caused a

- 4 -

substantial risk of serious physical harm to persons or property.

{¶ 11} A "substantial risk" means "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). The term "serious physical harm to persons" is defined by R.C. 2901.01(A)(5) to include (1) any physical harm that carries a substantial risk of death; (2) any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; (3) any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; and (4) any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain. R.C. 2901.01(A)(5)(b)-(e).

{¶ 12} The term "serious physical harm to property" is defined by R.C. 2901.01(A)(6) to mean any physical harm to property that either (1) results in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace; or (2) temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time. R.C. 2901.01(A)(6)(a)-(b).

*Fifth-Degree Felony Obstructing Official Business*

{¶ 13} Palma was also convicted of obstructing official business in violation of 2921.31(A). That statute prohibits any person, without privilege to do so, and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, from doing "any act that hampers or impedes a public official in the performance of the public official's lawful duties." A violation of R.C. 2921.31(A) is generally charged as a second-degree misdemeanor in accordance with

R.C. 2921.31(B). However, R.C. 2921.31(B) also provides that, if a violation of R.C. 2921.31(A) "creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree."

{¶ 14} The term "risk" means "a significant possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(7). The term "physical harm to persons" means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "Therefore, the statute is satisfied when a defendant increases the risk of physical harm to any person, including himself." *State v. Pineda*, 2021-Ohio-1540, ¶ 110 (11th Dist.).

*Palma's Arguments and Analysis*

{¶ 15} As noted above, Palma argues that his convictions for Count 1 and Count 2 were not supported by sufficient evidence and were against the manifest weight of the evidence. This is because, according to Palma, the state failed to establish that his operation of the motor vehicle (1) caused a substantial risk of serious physical harm to persons or property so as to constitute third-degree felony failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii); and that his refusal to come out of the residence and instead hide in, and defy the order to come out of the clothes dryer, in an attempt to avoid detection by police (2) created a risk of physical harm to any person so as to constitute fifth-degree felony obstructing official business in violation of R.C. 2921.31(A) and (B).

{¶ 16} The state, however, presented ample evidence to establish both of those two elements. This includes evidence that Palma took officers on a high-speed chase at speeds up to 70 mph through a residential neighborhood that created a number of near-

miss collisions with other motorists.[2] This also includes evidence that, by refusing to give himself up when his Butler County residence was surrounded by police, Palma increased the risk of physical harm to both him and the officers tasked with entering his home with their guns drawn and taking him into custody.[3] Therefore, because Palma's conviction for Count 1, third-degree felony failure to comply with an order or signal of a police officer, and Count 2, fifth-degree felony obstructing official business, was supported by sufficient evidence and not against the manifest weight of the evidence, Palma's first assignment of error lacks merit and is overruled.

**Assignment of Error No. 2:**

{¶ 17} THE VERDICT FORM WAS DEFICIENT TO SUSTAIN A CONVICTION FOR FAILURE TO COMPLY WITH THE ORDER OR SIGNAL OF A POLICE OFFICER A FELONY OF THE THIRD DEGREE.

{¶ 18} In his second assignment of error, Palma argues the trial court committed plain error with respect to the verdict form for Count 1, third-degree felony failure to comply with an order or signal of a police officer, because of the verdict form's alleged noncompliance with R.C. 2945.75(A)(2). Specifically, the verdict form's failure to "state the degree of the offense, the relevant statute or the additional elements elevating the conviction to a felony." Palma, however, failed to raise an objection to the verdict form for Count 1, thus forfeiting all but plain error on appeal. *State v. Mays*, 2024-Ohio-4616, ¶ 26.

---

2. This chase included Palma taking at least one "extremely hard" turn at a "high rate of speed," Palma blowing through several stop signs, Palma driving his car through a yard and up onto a sidewalk, forcing other drivers to avoid collision, and Palma nearly striking several cars parked on the street.

3. Police went to great lengths to have Palma exit the residence voluntarily. One officer testifying that he was concerned Palma wanted "to shoot it out" with police given the fact that they had seen him go into his residence but "never seen him leave."

{¶ 19} "Pursuant to Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Babb*, 2024-Ohio-2018, ¶ 13 (12th Dist.), quoting Crim.R. 52(B). "Under plain-error review, three elements must be met in order to find reversible error." *Mays* at ¶ 27. "There must first be a deviation from a legal rule, that deviation must be an obvious defect in trial proceedings, and the deviation must have affected substantial rights." *Id.* "The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention." *State v. Bailey*, 2022-Ohio-4407, ¶ 9. "'Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Nicholson*, 2024-Ohio-604, ¶ 114, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 20} In this case, even if we were to conclude that the verdict form for Count 1 failed to comply with R.C. 2945.75(A)(2), Palma has failed to establish plain error. This is because, even assuming there was error with Count 1's verdict form, Palma has failed to establish how the verdict form's alleged deviation from R.C. 2945.75(A)(2) affected his substantial rights. That is to say, Palma has failed to prove that the alleged error in Count 1's jury form affected the outcome of his trial. *See State v. Brinkman*, 2022-Ohio-2550, ¶ 45 (noting that the third element in the plain error analysis, requiring the deviation from a legal rule to have affected the appellant's substantial rights, has been "interpreted to mean that the error affected the outcome of the trial").

{¶ 21} In so holding, we note that in addition to the verdict form for Count 1, as part of a special verdict form, the jury specifically found Palma had, in fact, operated the motor vehicle in such a manner that caused a substantial risk of serious physical harm to

persons or property, thereby elevating his conviction from a misdemeanor to a felony. Therefore, given the inclusion of this special verdict form, even if we were to conclude that the verdict form for Count 1 failed to comply with R.C. 2945.75(A)(2) due to its alleged "failure to state the degree of the offense, the relevant statute or the additional elements elevating the conviction to a felony" as Palma suggests, Palma has failed to establish how this constituted plain error. Accordingly, because the trial court did not commit plain error with respect to the verdict form for Count 1, third-degree felony failure to comply with an order or signal of a police officer, Palma's second assignment of error also lacks merit and is overruled.

**{¶ 22}** Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.