[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bellamy*, Slip Opinion No. 2022-Ohio-3698.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3698

THE STATE OF OHIO, APPELLANT, *v*. BELLAMY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bellamy*, Slip Opinion No. 2022-Ohio-3698.]**

*Criminal law—Crim.R. 16(K)—Crim.R. 16(K) precludes an expert witness from testifying only at the trial commencing fewer than 21 days after the disclosure of the expert's written report—Court of appeals' judgment reversed in part and cause remanded.*

(No. 2021-0481—Submitted March 29, 2022—Decided October 19, 2022.)

APPEAL from the Court of Appeals for Delaware County,

No. 19 CAA 08 0048, 2021-Ohio-40.

_____

**DONNELLY, J.**

{¶ 1} This discretionary appeal from a judgment of the Fifth District Court of Appeals presents us once again with the opportunity to construe Crim.R. 16(K). That rule ordinarily precludes an expert's testimony "at trial" if the party offering the evidence has failed to provide to the opposing party, at least 21 days before

trial, a written report summarizing the expert's testimony. The issue in this case is whether the phrase "at trial" means only at the trial commencing fewer than 21 days after the disclosure of the report or also at a retrial following a reversal and remand for failure to comply with the rule. We hold that Crim.R. 16(K) precludes an expert witness from testifying only at the trial commencing fewer than 21 days after the disclosure of the expert's written report.

## BACKGROUND

{¶ 2} In 2018, a 16-year-old girl disclosed to her mother that the mother's ex-husband, Eric Bellamy, appellee, had sexually abused the girl when she was six and seven years old. Appellant, the state of Ohio, indicted Bellamy for various sex crimes in January 2019. As part of discovery, the state timely disclosed to Bellamy's counsel the name and curriculum vitae of its expert witness, Stuart Bassman, Ed.D. However, the state failed to provide Bellamy's attorney with the expert's report until July 17, six days before trial. In that report, Dr. Bassman noted that he had not interviewed either the defendant or the victim but was retained to explain why victims delay disclosing sexual abuse and how offenders groom their victims.

{¶ 3} The trial began on July 23, 2019. Bellamy's counsel did not move to exclude Dr. Bassman's testimony until after the lunch recess on July 24, right before the expert was to testify. The trial court overruled the defense's motion but gave Bellamy's counsel time to speak with Dr. Bassman before he testified. The expert testified, and defense counsel cross-examined him. Bellamy also testified. The jury found Bellamy guilty on all counts, and on August 1, the trial court sentenced him to 28 years to life in prison.

{¶ 4} Bellamy appealed, asserting that the trial court had erred in allowing Dr. Bassman to testify even though the state had not provided "good cause" for its delayed disclosure of his report. In March 2020, this court issued *State v. Boaston*, 160 Ohio St.3d 46, 2020-Ohio-1061, 153 N.E.3d 44, in which we held that

"Crim.R. 16(K) removes a trial court's discretion and requires the exclusion of expert testimony when a written report was not disclosed in accordance with the rule." *Id*. at ¶ 60.

{¶ **5**} Applying the holding in *Boaston* and finding that allowing Dr. Bassman to testify was not harmless error, the Fifth District Court of Appeals vacated the trial court's judgment and remanded the case to the trial court for a new trial. 2021-Ohio-40, ¶ 48. The court of appeals added that the new trial must be "without the testimony of Dr. Bassman," *id*., even though Bellamy had not asked for that sanction. The court of appeals overruled the state's motion for reconsideration, citing the plain language of Crim.R. 16(K). The state appealed, and we accepted the state's following proposition of law for review: "When a conviction is overturned on appeal due to the late disclosure of an expert witness, Rule 16(K) does not require that testimony from said expert witness must be excluded at a new trial on remand." *See* 163 Ohio St.3d 1492, 2021-Ohio-2270, 169 N.E.3d 1287.

## LAW

{¶ **6**} Crim.R. 16 governs discovery in criminal cases. Its purpose is "to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large." Crim.R. 16(A). Discovery concerning expert-witness reports is governed by Crim.R. 16(K). That provision reads:

> An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later

than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial.

The state asserted that its failure to comply with the rule was an oversight and Bellamy did not dispute that assertion, but there was no "good cause shown" by the state for the trial court to modify the 21-day deadline.

**{¶ 7}** Before *Boaston*, many trial courts did not apply the Crim.R. 16(K) sanction of automatic exclusion of the expert-witness testimony when the rule was violated. *See Boaston*, 160 Ohio St.3d 46, 2020-Ohio-1061, 153 N.E.3d 44, at ¶ 51. Instead, they invoked Crim.R. 16(L)(1), which provides trial courts with the authority to "make orders regulating discovery not inconsistent with [that] rule." *Boaston* at ¶ 53. In the case of a discovery violation, some courts read that provision to allow them to tailor a remedy "as it deems just under the circumstances," Crim.R. 16(L)(1); *see Boaston* at ¶ 53. In *Boaston*, this court held that Crim.R. 16(K) removed that discretion. *Id.* at ¶ 54-55.

**{¶ 8}** The issue before us now is the reach of Crim.R. 16(K)'s remedy for its violation. The rule provides that a failure to disclose an expert's written report to opposing counsel "shall preclude the expert's testimony at trial." *Id.* But the parties disagree about how many trials the rule controls. The court of appeals and Bellamy believe that Crim.R. 16(K) compels the exclusion of Dr. Bassman's testimony at retrial because allowing him to testify will give the state a benefit for violating Crim.R. 16(K). By violating the rule, says Bellamy, the state will be able to finagle a "super continuance" while Bellamy remains incarcerated. The state, on the other hand, notes that no other Ohio court of appeals has interpreted Crim.R. 16(K) the way the Fifth District has. The state also asserts that the plain language and context of the rule compel the conclusion that "at trial" can only mean the

original trial, because a retrial could be hundreds of days after disclosure of the expert's report and the defendant would no longer be prejudiced by initially receiving the report fewer than 21 days before trial.

**{¶ 9}** We agree with the state. This court promulgated the Rules of Criminal Procedure as authorized by the Ohio Constitution. *See* Ohio Constitution, Article IV, Section 5(B) ("The supreme court shall prescribe rules governing practice and procedure in all courts of the state * * *"). If a court rule is unambiguous, it is to be applied as written. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 22. No reliance on sources other than the text of a rule is necessary to interpret the rule if the text's meaning is obvious. *See Black v. United States*, 561 U.S 465, 475, 130 S.Ct. 2963, 177 L.Ed.2d 695 (2010) (Scalia, J., concurring in part and concurring in the judgment).

**{¶ 10}** We find the text's meaning to be obvious here. First, *Black's Law Dictionary* defines the terms "trial" and "retrial" differently. A "trial" is a "formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Id*., 1812 (11th Ed.2019). A "retrial" is a "new trial of an action that has already been tried." *Id*. at 1575. In promulgating Crim.R. 16(K), we specifically named trials and not retrials.

**{¶ 11}** Second, it is difficult to see how a defendant's interests are advanced by prohibiting at retrial the testimony of an expert whose testimony and report are known to the defense, while allowing the testimony of an expert with whom the defense is unfamiliar. Barring the testimony of a particular expert to punish a noncompliant party does not advance the purpose of Crim.R. 16(A) to ensure "a full and fair adjudication" and in some circumstances it might be harmful to the defense.

**{¶ 12}** Additionally, we do not view the prosecutorial gamesmanship that defense counsel fears as a likely outcome of our holding. The procedural history of this case is unusual in that defense counsel did not object to the expert's

testimony until the trial was already underway. Midtrial, a continuance was not possible. We had not yet decided *Boaston* at the time of the trial, but as the state points out, a pretrial objection and a continuance will be the customary sequence of events now that this court has settled the law on this issue.

{¶ 13} In a fair system of criminal justice, no party should be ambushed by evidence that was not provided with ample time for review prior to a proceeding. As noted above, courts are committed to "a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large," Crim.R. 16(A). Excluding admissible evidence at a retrial—when the defense has had full notice of such evidence—does not serve these interests of the justice system. Crim.R. 16(K) and 16(A) were intended to be compatible.

**CONCLUSION**

{¶ 14} For these reasons, we hold that Crim.R. 16(K) precludes an expert witness from testifying only at the trial commencing fewer than 21 days after the required disclosure is made and does not preclude otherwise admissible expert testimony at a defendant's retrial. We therefore reverse the portion of the Fifth District Court of Appeals' judgment precluding Dr. Bassman's testimony, and we remand the case to the trial court for retrial.

Judgment reversed in part
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, STEWART, and BRUNNER, JJ., concur.

———————————

Melissa A. Schiffel, Delaware County Prosecuting Attorney, and Christopher E. Ballard, Assistant Prosecuting Attorney, for appellant.

Campbell Law, L.L.C., and April F. Campbell, for appellee.

Steven L. Taylor, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.

_____