[Cite as *State v. Pajestka*, 2024-Ohio-2593.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     2023CA0031-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW PAJESTKA | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     19TRC04078 |

DECISION AND JOURNAL ENTRY

Dated: July 8, 2024

STEVENSON, Presiding Judge.

**{¶1}** Defendant-Appellant Matthew Pajestka appeals from his convictions in the Medina Municipal Court. This Court reverses and remands for a new trial consistent with this opinion.

I.

**{¶2}** This is not the first appeal in this matter. Pajestka first appealed the trial court's judgment in *State v. Pajestka*, 2022-Ohio-2257 (9th Dist.) ("*Pajestka I*"). This Court summarized the pertinent facts in *Pajestka I* at ¶ 2-12 as:

> On June 8, 2019, around 12:30 a.m., police stopped Pajestka for speeding. The officer noted a strong odor of an alcoholic beverage coming from the vehicle. Pajestka was extremely talkative, and his speech was slurred. His eyes were watery and bloodshot. The officer requested backup and when it arrived, Pajestka was removed from the vehicle in order to have him perform field sobriety tests. Pajestka was asked about alcohol consumption. Pajestka denied drinking any alcohol and indicated he had only had coffee. This did not make sense to the officer because he noted a very strong odor of alcohol coming from Pajestka's person. Following completion of the field sobriety tests, Pajestka was arrested. Pajestka submitted to a breath test, the result of which was a reading of .093.

Thereafter, a complaint was filed charging Pajestka with violating R.C. 4511.21(C), 4511.19(A)(1)(a), and 4511.19(A)(1)(d). Pajestka was represented by multiple attorneys over the course of the proceedings. Pajestka filed a motion to suppress, which was granted in part. The trial court concluded that "the overall test results from the [horizontal gaze nystagmus,] HGN[,] test are hereby deemed admissible at any trial in this matter. The sole exception is the test result obtained from the 'onset of nystagmus prior to 45 degrees' subtest, which is hereby deemed suppressed and inadmissible." The remaining portions of the motion to suppress were denied.

Numerous trial dates were set and reset over the span of the litigation. At one point, voir dire was set to begin August 12, 2020, with the trial following on August 13, 2020. On July 23, 2020, Pajestka filed a discovery response indicating that he had provided the State with an expert report and curriculum vitae of the expert. Pajestka further expressed his intention to call the expert as a witness at trial. The certificate of service detailed that the foregoing was emailed to the State at a specified email address. On July 31, 2020, the State filed a motion seeking to exclude the testimony of Pajestka's expert or to continue the trial. Inter alia, the State argued that Pajestka's disclosure was untimely under Crim.R. 16(K) and pointed out that Pajestka had served a part-time law clerk. Pajestka responded in opposition and the State filed a reply. Ultimately, the trial court concluded that Pajestka's expert disclosure was untimely and that he failed to serve the State as the law clerk was not an attorney or party. The trial court granted the State's motion for a discovery sanction and ordered that the expert be precluded from testifying at trial. Pajestka filed a motion for reconsideration and a supplemental motion for reconsideration, both of which were denied by the trial court.

Voir dire began on August 12, 2020; however, on August 13, 2020, following discussions with counsel wherein Pajestka alleged misconduct by the prosecutor, the trial court discharged the jury. Pajestka argued that the case should be dismissed because, prior to jury selection, the prosecutor disclosed to defense counsel that, if Pajestka were to testify, he would be prosecuted for falsification. In addition, Pajestka alleged that the State withheld certain discovery from the defense. The trial court, after consulting with counsel, set a simultaneous briefing schedule to address the issues and specifically told counsel that counsel could request a hearing if counsel believed one was necessary.

On August 13, 2020, the trial court issued a journal entry detailing what occurred and setting forth the briefing schedule. The entry stated that "[n]o extensions of this deadline will be granted, and no leave will be granted either to supplement filings or to respond to an opposing party's memorandum. [ ] The Court may request a hearing on the issues or may rule based solely upon the parties' memoranda."

Pajestka filed a motion to dismiss on September 4, 2020, and the State filed a brief in opposition that same day, less than an hour later. In the motion to dismiss, Pajestka asserted that the prosecutor threatened that if Pajestka were to testify that

he was not guilty he would be charged with falsification immediately following trial and arrested. Pajestka maintained that the prosecutor's conduct infringed upon Pajestka's right to testify. Pajestka submitted the affidavit of his attorney in support of the motion. In the affidavit, Pajestka's counsel averred that the prosecutor "threatened [Pajestka] by stating that if he told the truth, made any conflicting statements, or said anything other than what he had told police, he would be charged with Falsification, arrested, and immediately taken into custody following the trial, regardless of the outcome."

In the brief in opposition, filed the same day as Pajestka's motion, the State indicated that the discussion occurred prior to the start of voir dire. According to the State, Pajestka's counsel requested a reduction of the R.C. 4511.19 charges and the State informed Pajestka's counsel that there would be no reduction. The State then inquired into the defense trial witnesses and whether Pajestka would testify. Defense counsel informed the prosecutor that Pajestka was unlikely to testify. The prosecutor then cautioned defense counsel that if Pajestka were to testify and commit the offense of falsification during trial, he would be charged with falsification after trial. Pajestka had made prior statements denying alcohol consumption, but the State was aware that Pajestka might testify differently given statements about alcohol consumption that were provided to the proposed expert. The State, however, did not submit any affidavits or other evidentiary materials related to the alleged prosecutorial misconduct.

After briefing, the trial court denied the motion to dismiss. Essentially, the trial court determined that the State informed defense counsel that if Pajestka testified *and* that testimony provided evidence that supported further criminal charges, the State would pursue those additional charges. Thus, the trial court concluded that the State's conduct was not improper.

In November 2020, Pajestka filed an exhibit/witness list disclosing the same expert who was previously excluded. In December 2020, Pajestka filed a motion to continue the trial asserting that the expert was unavailable to testify on the trial dates. The State opposed the motion noting that the expert had already been precluded from testifying at trial. The trial court denied Pajestka's motion to continue the trial and a jury trial was held in January 2021.

During the trial, Pajestka's attorney proffered information related to the proposed expert testimony and the alleged prosecutorial misconduct. During that proffer, the trial court indicated a hearing took place on the motion to dismiss and that defense counsel did not seek leave to respond to the State's brief. The State corrected the trial court and noted that there was only an oral motion and briefing and defense counsel asserted that the trial court told the parties there would be no reply or hearing.

The jury found Pajestka guilty of violating R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). The trial court found Pajestka guilty of

violating R.C. 4511.21(C). The matter proceeded to sentencing and Pajestka was sentenced accordingly. His sentence was stayed pending appeal.

(Emphasis in original.)

{¶3} This Court concluded in *Pajestka I* that an evidentiary hearing on Pajestka's motion to dismiss was warranted under the circumstances. *Id.* at ¶ 15. Pajestka's argument that the complaint contained charges that differed from those presented at trial was rejected and, considering this Court's conclusion that an evidentiary hearing on the motion to dismiss was warranted, we declined to address the remaining assignments of error as not properly before the Court at that time. *Id.* at ¶¶ 21, 29.

{¶4} The trial court held an oral hearing on remand and denied Pajestka's motion to dismiss. Pajestka has appealed, raising four assignments of error for review.

I.

**ASSIGNMENT OF ERROR I:**

**THE TRIAL COURT'S EXCLUSION OF APPELLANT'S EXPERT WAS AN ABUSE OF DISCRETION THAT DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL, RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, RIGHT TO PRESENT A DEFENSE, AND RIGHT TO DUE PROCESS IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION.**

{¶5} Pajestka argues in his first assignment of error that the trial court abused its discretion when it excluded his expert and prohibited his expert from testifying at the continued trial. We agree.

{¶6} A trial court's ruling on the exclusion of expert testimony will not be reversed in the absence of an abuse of discretion. *State v. Overholt*, 2000 WL 372318, *4 (9th Dist. Apr. 12, 2000), citing *State v. Bresson*, 51 Ohio St.3d 123, 129 (1990). "The term 'abuse of discretion' connotes more than an error of judgment; it implies that the court's attitude is unreasonable,

arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24. Even if an appellant demonstrates that the trial court's ruling was an abuse of discretion, he does not establish reversible error unless he shows that the error prejudiced his substantial rights. *Beard v. Meridia Huron Hosp.*, 2005-Ohio-4787, ¶ 20.

{¶8} When trial was set to begin on August 12, 2020, the trial court determined that Pajestka's expert disclosure was untimely under Crim.R. 16(K) and it granted the State's motion for a discovery sanction, precluding the expert from testifying at trial. The trial was subsequently continued to January 13, 2021.

{¶9} Pajestka refiled his exhibit and witness list, including his expert's report, on November 12, 2020. The trial court still disallowed Pajestka's expert from testifying at the January 2021 trial. The trial court disallowed expert testimony as a discovery sanction.

{¶10} Pajestka argues that, in accordance with Crim.R. 16(K), he timely disclosed his expert prior to the January 2021 trial. Pajestka relies upon *State v. Bellamy*, 2022-Ohio-3698 to

support his position that, as he complied with Crim.R. 16(K), the trial court abused its discretion when it excluded his expert from the continued trial. The State maintains that it was within the trial court's discretion to exclude Pajestka's expert as a discovery sanction.

{¶11} In *Bellamy,* the state failed to timely provide its expert report pursuant to Crim.R. 16(K) and, after trial commenced, defense counsel moved to exclude the expert. *Id.* at ¶ 3. The trial court denied defendant's motion to exclude, and the defendant appealed. *Id.* at ¶ 3-4. The appellate court vacated the trial court's judgment and remanded the matter for a new trial without testimony from the state's expert. *Id.* at ¶ 5. The Ohio Supreme Court reversed the appellate court ruling precluding the expert testimony. *Id.* at ¶ 14.

{¶12} The *Bellamy* court recognized that "[i]n a fair system of criminal justice, no party should be ambushed by evidence that was not provided with ample time for review prior to a proceeding." *Id.* at ¶ 13. It further recognized courts' commitment "to 'a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large,' Crim.R. 16(A).'" *Id*. The Court held that excluding admissible evidence, when the opposing party "has had full notice of such evidence[,] does not serve these interests of the justice system" and that "Crim.R. 16(K) and 16(A) were intended to be compatible." *Id. Bellamy* held that Crim.R. 16(K) "precludes an expert witness from testifying only at the trial commencing fewer than 21 days after the required disclosure is made * * *." *Id.* at ¶ 14.

{¶13} The trial court excluded Pajestka's expert from testifying at the August 2020 trial as a discovery sanction. The basis of the discovery sanction was that Pajestka failed to timely disclose his expert pursuant to Crim.R. 16(K). Once trial was continued, Pajestka timely disclosed his expert and produced his expert report. At that time, there was no prejudice to the State. The

State was no longer "ambushed by evidence" when trial was continued; it had "ample time for review prior to a proceeding." *Bellamy* at ¶ 13.

{¶14} As recognized in *Bellamy*, Crim.R. 16(K) precludes an expert "from testifying only at the trial commencing fewer than 21 days after the required disclosure is made * * * ." *Id.* at ¶ 14. Pajestka's November 12, 2020 expert disclosure was timely and beyond 21 days from the January 2021 trial.

{¶15} Although *Bellamy* pertained to a retrial on remand, the same logic applies in this case. Once trial was continued, the State was no longer prejudiced as it had plenty of time to review the evidence in preparation for trial. Pajestka was entitled to "a full and fair adjudication of the facts * * *." Crim.R. 16(A). Excluding Pajestka's expert from the continued trial did "not serve [the] interests of the justice system." *Bellamy* at ¶ 13.

{¶16} We accordingly conclude that the trial court abused its discretion when it excluded Pajestka's expert testimony as a discovery sanction, pursuant to Crim.R. 16(K), from the January 2021 jury trial. We note that the State raised other objections to the admissibility of Pajestka's expert, including whether the expert's testimony is a subject beyond the knowledge or experience of the jury; whether the expert is qualified to testify on certain topics; and, whether the expert will address topics that are inappropriate for jury trial, including the accuracy of the single breath test and the margin of error in the BAC Datamaster. We conclude that the trial court abused its discretion when it excluded Pajestka's expert pursuant to Crim.R. 16(K) from the continued trial. This conclusion does not mean that the trial court is precluded on remand from addressing the State's other objections to the admissibility of Pajestka's expert testimony. Pajestka's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II:

**THE TRIAL COURT ERRED IN PERMITTING THE STATE OF OHIO TO INTRODUCE EVIDENCE OF THE HORIZONTAL GAZE NYSTAGMUS TEST AFTER FINDING ONE THIRD OF THE TEST WAS NOT COMPLETED IN SUBSTANTIAL COMPLIANCE WITH NHTSA STANDARDS.**

**ASSIGNMENT OF ERROR III:**

**THE TRIAL COURT ERRED BY REFUSING TO ALLOW APPELLANT TO PERFECT THE RECORD FOLLOWING NEWLY DISCOVERED MATERIAL EVIDENCE FOLLOWING THE HEARING UPON APPELLANT'S MOTION TO DISMISS.**

**ASSIGNMENT OF ERROR IV:**

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS WHEN IT APPLIED THE WRONG LEGAL STANDARD AS THE BASIS FOR ITS DECISION AND FURTHER ERRED IN ITS FINDINGS OF FACT.**

**{¶17}** Pajestka argues in his second assignment of error that the trial court erred in permitting the State to introduce evidence of the horizontal gaze nystagmus test after finding one third of the test was not completed in substantial compliance with NHTSA standards. Pajestka argues in his third assignment of error that the trial court erred when it did not allow him to perfect the record following the oral hearing on his motion to dismiss. Pajestka argues in his fourth assignment of error that the trial court applied the wrong legal standard and erred in denying his motion to dismiss.

**{¶18}** Based on this Court's resolution of Pajestka's first assignment of error, we conclude that these three assignments of error are not properly before us at this time, and we decline to address them.

III.

{¶19} Pajestka's first assignment of error is sustained. Pajestka's second, third, and fourth assignments of error are not properly before us at this time and will not be addressed. The judgment of the Medina Municipal Court is reversed and remanded for a new trial consistent with this opinion.

Judgment reversed and
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                                    _____

                                                  SCOT STEVENSON
                                                  FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR

APPEARANCES:

JOSEPH C. PATITUCE, MEGAN PATITUCE, and C. ADAM CARRO, Attorneys at Law, for Appellant.

GREGORY A. HUBER, J. MATTHEW LANIER, MEGAN A. PHILBIN, and ROBERT B. CAMPBELL, Prosecuting Attorneys, for Appellee.