[Cite as *State v. Corrales-Baez*, 2024-Ohio-5358.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-12-019 |
| | : | O P I N I O N |
| - vs - | | 11/12/2024 |
| | : | |
| MARIO CORRALES-BAEZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20230142

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Michael S. Klamo, Assistant Prosecuting Attorney, for appellee.

Samuel H. Shamansky Co., L.P.A., and Samuel H. Shamansky, Donald L. Regensburger, and Ashton C. Gaitanos, appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Mario Corrales-Baez, appeals his conviction in the Madison County Court of Common Pleas for possession of a fentanyl-related compound.

{¶ 2} On August 14, 2023, appellant and two individuals were traveling together

in an SUV and were pulled over by State Trooper Michael Wilson. A package was thrown out of the vehicle during the traffic stop. Sergeant Brett Williamson, a state trooper assisting with the traffic stop, retrieved the package. Appellant was subsequently arrested for drug possession and remained in jail for the entire pendency of the case. The package retrieved from the roadside by Sergent Williamson and its contents were subsequently sent to the Miami Valley Regional Crime Laboratory (the "Laboratory") for analysis by Agent Josh Walters, a Dayton police officer assigned to the Miami Valley Task Force. On August 18, 2023, a forensic chemist with the Laboratory completed the drug analysis, prepared a report of her findings, and forwarded the report to the Montgomery County Sheriff's Office.

{¶ 3} Based upon the foregoing, appellant was charged with aggravated possession of drugs in the Madison County Municipal Court on August 15, 2023. Appellant waived his right to a preliminary hearing and the case was bound over to the Madison County Court of Common Pleas on August 22, 2023. An attorney entered his appearance in the trial court as counsel for appellant on August 29, 2023. The Madison County Prosecutor's Office received a copy of the drug analysis report on September 18, 2023.

{¶ 4} On October 13, 2023, appellant was indicted on one count of possession of a fentanyl-related compound, a first-degree felony, that included two major drug offender specifications under R.C. 2941.1410 (A) and (B). The delay between appellant's arrest and his indictment apparently resulted from a combination of factors. First, the Madison County Grand Jury meets once a month. When appellant was arrested, the grand jury had concluded its August 2023 session a few days earlier. Second, although the analysis and drug analysis report were completed by August 18, 2023, the Laboratory forwarded the report to the Montgomery County Sheriff's Office, a department having no connection

2

to the case. By the time the Madison County Prosecutor's Office received the report on September 18, 2023, the grand jury had already concluded its September 2023 session. Consequently, appellant was not indicted until the grand jury met for its October 10, 2023 session. Appellant was arraigned on the indictment on October 19, 2023. The trial court scheduled the case for a pretrial hearing on October 30, 2023, and a jury trial on November 7, 2023.

{¶ 5} On October 24, 2023, appellant filed a discovery request. On the same day, the state provided partial discovery, including the drug analysis report. The state fully responded to appellant's discovery request on October 26, 2023. On October 31, 2023, appellant filed a demand for the testimony of the Laboratory forensic chemist at trial. The next day, the state moved the trial court to modify the 21-day disclosure period required for an expert witness's qualifications and written report under Crim.R. 16(K), or alternatively, to continue the jury trial from November 7, 2023, to November 14, 2023. Appellant opposed both branches of the state's motion.

{¶ 6} On November 6, 2023, the trial court granted the state's motion to modify the disclosure period requirement "under Crim.R. 16(K), for good cause shown," and denied the state's request to continue the jury trial. The trial court found that "modification of Rule 16(K) would not result in prejudice to any party," that appellant had retained seasoned trial attorneys who could skillfully cross-examine any state expert with or without their own laboratory results, and that appellant had the ability to eliminate any prejudice and simply chose not to by exercising his right to speedy trial.

{¶ 7} On November 6, 2023, appellant also moved to dismiss the indictment on the ground the delay between his arrest and the indictment violated his due process rights. The state opposed the motion. Appellant subsequently waived his right to a jury trial and the matter proceeded to a bench trial on November 7, 2023. Appellant moved

to preclude the forensic chemist from testifying; the trial court denied the motion. Trooper Wilson, Sergeant Williamson, and the forensic chemist testified on behalf of the state. At the close of trial, the trial court denied appellant's motion to dismiss the indictment from the bench and found him guilty as charged in the indictment, including both major drug offender specifications. The trial court sentenced appellant to an aggregate prison term of 15-20.5 years and a $10,000 fine.

{¶ 8}  Appellant now appeals, raising three assignments of error.

{¶ 9}  Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT'S MODIFICATION OF THE 21-DAY DISCLOSURE PERIOD MANDATED BY CRIM.R. 16(K) CONSTITUTES AN ABUSE OF DISCRETION AS IT RESULTED IN SIGNIFICANT, IRREPARABLE PREJUDICE TO APPELLANT IN VIOLATION OF HIS STATUTORY PRIVILEGES AND CONSTITUTIONAL RIGHTS TO CONFRONTATION, DUE PROCESS, FUNDAMENTAL FAIRNESS, AND EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.

{¶ 11} Appellant argues the trial court abused its discretion by modifying the Crim.R. 16(K) expert disclosure deadline at the state's request because (1) the state failed to demonstrate any good cause for relief, and (2) the modification prejudiced appellant by depriving him of fundamental constitutional rights. An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *In re L.R.M.,* 2015-Ohio-4445, ¶ 16 (12th Dist.); *State v. McGhee*, 2017-Ohio-5773, ¶ 16 (11th Dist.).

{¶ 12} Crim.R. 16(K) governs discovery regarding expert-witness reports and provides

4

An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial.

{¶ 13} Crim.R. 16(K) thus requires a party offering an expert's testimony at trial "to provide to the opposing party, at least 21 days before trial, a written report summarizing the expert's testimony." *State v. Bellamy*, 2022-Ohio-3698, ¶ 1. "[T]he purpose of Crim.R. 16(K) is to avoid unfair surprise by providing notice to the defense and allowing the defense an opportunity to challenge the expert's findings, analysis, or qualifications, possibly with the support of an adverse expert who could discredit the opinion after carefully reviewing the written report." *State v. Boaston*, 2020-Ohio-1061, ¶ 48.

{¶ 14} "Crim.R. 16(K) expressly provides the consequence for failing to disclose an expert's report as required: 'Failure to disclose the written report to opposing counsel *shall preclude* the expert's testimony at trial.'" (Emphasis added.) *Id.* at ¶ 55. "And while Crim.R. 16(K) confers some measure of discretion on trial judges, it is limited to modifying the 21-day requirement "for good cause shown, which does not prejudice any other party." *Id.* Thus, Crim.R. 16(K) allows a trial court to modify the 21-day deadline for disclosing written reports from experts but "good cause" must be shown and there must be no prejudice to any party.

{¶ 15} The state provided the drug analysis report to appellant on October 24, 2023, 14 days before the November 7, 2023 trial, in violation of Crim.R. 16(K). *Boaston* at ¶ 58. As a result, the trial court had discretion to modify the 21-day disclosure deadline but only for good cause shown and if it did not prejudice appellant. In its motion to modify

the 21-day disclosure deadline, the state summarily argued that good cause existed because appellant did not request discovery until October 24, 2023. The state then focused the bulk of its argument on the prejudice prong. The trial court granted the state's motion, ostensibly finding there was good cause because appellant did not request discovery until 14 days before the scheduled trial date. The trial court then analyzed at length the lack of prejudice to appellant, including the fact he had "the ability to eliminate any prejudice and simply has chosen not to as he is entitled to by exercising his right to speedy trial."

{¶ 16} On appeal, appellant asserts that the state failed to show there was good cause to modify the disclosure deadline and mentions the fact the drug analysis report was completed on August 18, 2023, more than two months before the state disclosed it to defense counsel. In turn, the state asserts that good cause existed because (1) it did not receive the report until September 18, 2023, (2) even if it had received the report on August 18, 2023, the earliest appellant could have been indicted was September 12, 2023, (3) the Madison County Prosecutor's Office does not typically work with the Laboratory or the Miami Valley Task Force, and Sergeant Williamson only received the report on September 18, 2023, and (4) appellant did not request discovery until October 24, 2023. In his reply brief, appellant offers rebuttal to the state's argument above.

{¶ 17} We find that the trial court erred in modifying the 21-day disclosure deadline because the state failed to show good cause.

{¶ 18} Appellant was arrested on August 14, 2023, and remained incarcerated for the entire duration of the case, was officially represented by counsel as early as August 29, 2023, and was indicted on October 12, 2023. Although the drug analysis report was completed on August 18, 2023, Sergeant Williamson did not inquire about it until September 18, 2023. Upon receiving it that day, he immediately forwarded it to the

6

prosecutor's office. The state then disclosed the drug analysis report to defense counsel on October 24, 2023, when counsel filed a discovery request.

{¶ 19} The one-month delay between the completion of the drug analysis report and the state obtaining it was occasioned by law enforcement. The report was completed prior to the grand jury's September 2023 session. Although the state was aware that the grand jury met only once a month and knew when the grand jury sessions would be held, it waited one month to inquire about the analysis and the report while the September grand jury session passed. Then, upon receiving the report, the state waited another five weeks before disclosing it to defense counsel, and only did so when counsel filed a discovery request. The state does not address the dilatory nature of its failure to inquire as to the status of the report before September 18, 2023. More egregiously, the state offers no explanation for why it delayed providing the report to defense counsel from September 18, 2023, to October 24, 2023.

{¶ 20} Contrary to the state's suggestion, whether the grand jury had indicted appellant was neither a reason to delay disclosure of the report nor an impediment to the release of the report to defense counsel. The state argues, and the trial court found, that there was good cause because defense counsel did not file a discovery request until October 24, 2023. However, Crim.R. 16(K) does not set forth any circumstances relieving the state of its obligation to provide an expert's report at least 21 days before trial. Crim.R. 16(K) plainly and expressly requires a party to timely provide an expert's report to opposing counsel even if the latter did not file a discovery request. In other words, a party's expert disclosure responsibilities under Crim.R. 16(K), the state here, are dependent neither upon a general demand for discovery nor a specific demand for an expert report.

{¶ 21} The state never made a showing of good cause for not inquiring about and

7

requesting the drug analysis report until a month after the Laboratory released it and for not timely disclosing the record to defense counsel once it obtained it as required by Crim.R. 16(K). Having found that the good cause prong was not met, we do not address the prejudice prong. The trial court abused its discretion by modifying the 21-day deadline for disclosing written reports from experts. The judgment of the trial court is accordingly reversed and the matter is remanded to the trial court for further proceedings. *See McGhee*, 2017-Ohio-5773; *Bellamy*, 2022-Ohio-3698 at ¶ 14.

{¶ 22} Appellant's first assignment of error is sustained.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS, AS THE UNJUSTIFIABLE DELAY BETWEEN APPELLANT'S ARREST AND HIS INDICTMENT RESULTED IN ACTUAL PREJUDICE, VIOLATING HIS RIGHTS TO CONFRONTATION, DUE PROCESS FUNDAMENTAL FAIRNESS, AND EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.

{¶ 25} Assignment of Error No. 3:

{¶ 26} APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.

{¶ 27} In his second assignment of error, appellant challenges the trial court's denial of his motion to dismiss the indictment, arguing that the delay in indicting him coupled with the court's modification of the Crim.R. 16(K) expert disclosure deadline

8

prejudiced him because it forced him to choose between his right to a speedy trial and his right to obtain an independent analysis of the drugs he was charged with possessing. In his third assignment of error, appellant argues that his conviction for possession of a fentanyl-related compound is against the manifest weight of the evidence. Given our resolution of the first assignment of error, appellant's second and third assignments of error are moot and need not be addressed. App.R. 12(A)(1)(c).

**{¶ 28}** Judgment reversed and the matter is remanded to the trial court.

BYRNE, P.J., and HENDRICKSON, J., concur.