OPINION
{¶ 1} Defendant-appellant, Richard McClain, appeals his conviction in Warren County Court for driving under suspension. We affirm appellant's conviction.
 {¶ 2} In November 2004, Officer Pultz of the Springboro Police Department pulled over appellant for not having his rear license plate illuminated and for failure to use his turn signal. Officer Pultz subsequently obtained appellant's motor vehicle information by accessing the Law Enforcement Automated Data System ("LEADS")[1] from his cruiser's computer. Upon discovering that appellant's driver's license was suspended, Officer Pultz cited appellant for driving under suspension in violation of R.C. 4510.11.
 {¶ 3} At a bench trial before the county court in May 2005, Officer Pultz testified that the LEADS information on his cruiser's computer screen indicated that appellant's driver's license was suspended. Appellant did not object to that testimony. Officer Pultz testified that a dispatcher printed out the LEADS information, which Officer Pultz later retrieved.
 {¶ 4} The state offered an uncertified LEADS printout into evidence at trial. The printout indicated that appellant's license was under a "violator compact suspension" and a "non-compliance suspension" at the time Office Pultz stopped him. The county court allowed the uncertified LEADS printout into evidence over appellant's objection. The court determined that the printout was admissible under Evid.R. 803(8)'s "public records and reports" exception to the hearsay rule. The court also determined that Officer Pultz's testimony authenticated the printout pursuant to Evid.R. 901(B). The court subsequently convicted appellant of one count of driving under suspension.
 {¶ 5} Appellant now appeals, assigning one error as follows:
 {¶ 6} "THE TRIAL COURT SHOULD NOT HAVE ALLOWED THE ADMISSION OF AN UNCERTIFIED LEADS PRINTOUT, WHICH IS A VIOLATION OF EVIDENCE RULE 803(8)."
 {¶ 7} In his sole assignment of error, appellant argues that the uncertified LEADS printout did not qualify for the "public records and reports" hearsay exception. Appellant also argues that the printout was not properly authenticated.
 {¶ 8} Initially, we note that we would not have this appeal had the state offered a record of appellant's driving status certified as accurate by the Ohio Bureau of Motor Vehicles. A certified copy of such an official record is admissible under the hearsay exception in Evid.R. 803(8)[2] and is self-authenticating under Evid.R. 902(4).
 {¶ 9} Nevertheless, we need not address the hearsay and authentication issues in this case because, even if the county court erred in admitting the uncertified LEADS printout, the error was harmless. There was other evidence in the record establishing appellant's guilt of driving under suspension. See State v. Brown, 100 Ohio St.3d 51, 2003-Ohio-5059, ¶ 25 (error is harmless when it does not affect outcome of case). Specifically, Officer Pultz testified that when he accessed LEADS from his cruiser's computer, he found that appellant was under "several open license suspensions." While appellant later objected to the admission of the LEADS printout, appellant did not object to Officer Pultz's testimony regarding the information he viewed, nor did he move the court to strike the testimony. Therefore, appellant waived any error with respect to that testimony. See State v. Kehoe (1999),133 Ohio App.3d 591, 605; Evid.R. 103(A)(1).
 {¶ 10} Officer Pultz's testimony was sufficient to withstand appellant's Crim.R. 29 motion, made at the close of the state's case. Viewing that testimony in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Tenace,109 Ohio St.3d 255, 260, 2006-Ohio-2417, ¶ 37 (setting forth standard of review for rulings on Crim.R. 29 motions). Based on Officer Pultz's testimony, a rational trier of fact could have found that appellant, in violation of R.C. 4510.11(A), operated a motor vehicle on a public road while his license was suspended.
 {¶ 11} Appellant himself provided additional testimony supporting the conclusion that he was driving under suspension. Appellant testified that he received a traffic ticket in Kentucky, for which he owed $300. Appellant testified that he sent a check for the amount of the ticket to Kentucky authorities, but they returned the check, informing him that he was required to appear in court. According to his own testimony, appellant never resolved his traffic citation in Kentucky. Under the "Nonresident Violator Compact," the state of Ohio was required to suspend appellant's license upon notice from Kentucky authorities of appellant's failure to resolve his ticket. See R.C. 4510.71. Appellant's testimony regarding his Kentucky ticket bolstered Officer Pultz's testimony that appellant's license was suspended at the time of the stop.
 {¶ 12} Accordingly, we overrule appellant's sole assignment of error. Because there was other evidence in the record establishing appellant's guilt of driving under suspension, any error by the county court in admitting the LEADS printout was harmless.
 {¶ 13} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.
[1] LEADS is Ohio's law enforcement computer network with links to various records, including motor vehicle records at the Bureau of Motor Vehicles.
[2] As Weissenberger states, the term, "public records" in the title of Evid.R. 803(8) is a misnomer. Weissenberger's Ohio Evidence Treatise (2006 Ed.) 531, Section 803.102. A more accurate term for what the rule means is "official records," which Weissenberger defines as records "made or done by an officer of the government," not necessarily "capable of being known or observed by all." Id.; see, also, State v. Cooper
(Mar. 18, 1982), Cuyahoga App. No. 43765, 1982 WL 5240, *3;Middleburg Hts. v. D'Ettorre (2000), 138 Ohio App.3d 700, 707-708; but, see, State v. Straits (Oct. 1, 1999), Fairfield App. No. 99-CA-7,1999 WL 976212, *2 (finding that "public records" in Evid.R. 803(8) means records available to general public).