[Cite as *State v. Davis*, 2022-Ohio-3758.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-8 |
| | : | |
| v. | : | Trial Court Case Nos. 22 TRD |
| | : | 175A/B/C |
| SIERRA N. DAVIS | : | |
| | : | (Criminal Appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 21st day of October, 2022.

. . . . . . . . . . .

ROGER STEFFAN, Atty. Reg. No. 0086330, Assistant Prosecutor, Champaign County Municipal Court, 205 South Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

MARY ADELINE R. LEWIS, Atty. Reg. No. 0099711, 712 North King Street, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Sierra N. Davis appeals from her convictions for driving with a suspended license. Davis claims the evidence did not support the convictions and that the trial court erred by failing to merge the convictions for purposes of sentencing. We conclude that there was competent, credible evidence to support the convictions, but that the trial court committed plain error by not merging the convictions. The trial court's judgments are affirmed in part, reversed in part, and remanded.

## I. Facts and Procedural Background

{¶ 2} Davis was charged with one count of driving under a suspended license (court suspension) in violation of Village of Mechanicsburg Codified Ordinance ("MCO") 71.28(A)(1); one count of driving under a suspended license (12-point suspension) in violation of MCO 71.28(C); and one count of driving under a suspended license (financial responsibility suspension) in violation of MCO 71.31(A).

{¶ 3} A jury trial commenced in the Champaign County Municipal Court on March 3, 2022. At trial, Mechanicsburg Police Detective Robert McConnell testified that he had been on duty in a police cruiser on February 15, 2022. McConnell testified he had been in Urbana and was returning to Mechanicsburg via State Route 4 when he observed Davis driving toward him in a red pickup truck. At that point, neither car was within the jurisdictional boundaries of Mechanicsburg. McConnell testified he was familiar with Davis from prior interactions with her, and he was aware that Davis's driver's license had been suspended; he was also aware that there was an active warrant for her arrest from another county.

{¶ 4} McConnell performed a U-turn and began to travel in the same direction as Davis. After Davis turned onto a different road, McConnell continued on his route and sped back toward her residence. McConnell testified that Davis had a specific route to her residence because it provided the shortest driving distance within the Mechanicsburg jurisdiction. When he arrived at the residence, he observed Davis drive up to the home, park the truck, exit the vehicle's driver's door, and run into the garage. McConnell approached the home, exited his vehicle, and walked to the garage. He ordered Davis to come out of the garage, but she proceeded to run into the residence. Davis was subsequently apprehended.

{¶ 5} The State's evidence included a copy of Davis's driving record from the Ohio Bureau of Motor Vehicles ("BMV"). The driving record reflected all of the suspensions charged by the State.

{¶ 6} The jury found Davis guilty on all charges. The trial court sentenced her to a jail term of 180 days for the violation of MCO 78.21(C), a jail term of 180 days for the violation of MCO 71.28(A)(1), and a jail term of 30 days for the violation of MCO 71.31(A). The jail terms were ordered to be served concurrently. The trial court also ordered Davis to pay fines and costs.

{¶ 7} Davis appeals.[1]

## II. Manifest Weight

---

[1] Although it appears Davis has already served the jail term, this appeal is not moot because she sought a stay of execution and has yet to pay the fines and costs. *See State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 9-11.

{¶ 8} We begin with Davis's second assignment of error, which states:

THE CONVICTION FOR DRIVING UNDER SUSPENSION WAS AGAINST

THE MANIFEST WEIGHT OF THE EVIDENCE

{¶ 9} Davis's argument in this assignment of error centers on her claim that McConnell's testimony was inherently incredible.

{¶ 10} An appellate court's manifest weight review requires the court to "review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created a manifest miscarriage of justice warranting reversal and a new trial." (Citation omitted.) *State v. Cosby*, 2d Dist. Montgomery No. 28395, 2020-Ohio-510, ¶ 6. A reversal based upon a manifest weight of the evidence analysis is reserved for the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*, citing *State v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 11} Because the jury has the opportunity to see and hear the witnesses presented at trial, the credibility of the witnesses and the weight to be given to their testimony are matters for the jury, as the trier of fact, to resolve. *State v. Morten*, 2d Dist. Montgomery No. 23103, 2010-Ohio-117, ¶ 24. A juror is "free to believe all, part or none of the testimony of each witness." (Citations omitted.) *Id.* Accordingly, we afford great deference to the trier of fact's determination of witness credibility. *State v. Redman*, 10th Dist. Franklin No. 10AP-654, 2011-Ohio-1894, ¶ 26.

{¶ 12} We have reviewed the entirety of McConnell's testimony, the basic facts of

which are set forth above. McConnell was familiar with Davis due to previous interactions with her. At the time McConnell observed Davis driving the pickup truck, he was aware that she was operating the truck with a suspended license. McConnell testified that he had observed her driving both outside and inside the boundaries of Mechanicsburg.

{¶ 13} Despite Davis's claims to the contrary, we find nothing inherently incredible about that testimony. The jury was free to determine what credit to accord McConnell's trial testimony, and we cannot say it clearly lost its way in accepting his account of the events.

{¶ 14} Accordingly, the second assignment of error is overruled.

### III. Allied Offenses

{¶ 15} The first assignment of error asserted by Davis provides:

THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT

TO ALL OFFENSES WHEN THEY ARE ALLIED OFFENSES OF SIMILAR

IMPORT

{¶ 16} Davis argues that the three offenses of which she was convicted were allied offenses of similar import. Thus, she challenges the trial court's failure to merge the convictions for purposes of sentencing.

{¶ 17} The Fifth Amendment to the United States Constitution provides in relevant part that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This protection applies to the states through the Fourteenth Amendment to

the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Ohio Constitution, Article I, Section 10, also provides double jeopardy protection to Ohio citizens. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. The prohibition against double jeopardy protects citizens from a second prosecution for the same offense and against multiple punishments for the same offense. *Id.*

{¶ 18} In Ohio, the multiple punishment double jeopardy protection has been codified at R.C. 2941.25:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 19} In the past, the Ohio Supreme Court has created several different tests to use when making a decision regarding merger. The most recent test is set forth in *Ruff*:

* * * [W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three simple questions when the defendant's conduct supports multiple offenses: (1)

Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31.

**{¶ 20}** We begin by noting that Davis did not raise the merger issue in the trial court. But, "when an error in failing to merge allied offenses is obvious, it rises to plain error." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 14. As discussed below, we conclude that the trial court committed plain error when it failed to merge the three driving under suspension offenses into one offense.

**{¶ 21}** Based upon the evidence presented at trial, Davis committed the offenses with the same conduct (driving the truck) and with the same animus/motivation (the desire to drive the truck despite having a suspended license). Thus, the only issue is whether the offenses are dissimilar in import or significance. The import or significance determination turns on whether the offenses resulted in separate, identifiable harm. The *Ruff* opinion states the following on this issue:

When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and

identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Id.* at ¶ 26.

{¶ 22} In Davis's case, the "victims" of each offense were the same, the citizens of Mechanicsburg. Thus, the question is, did Davis's act of driving under three suspensions cause separate, identifiable harm. We conclude that it did not, because, irrespective of the reasons for the license suspensions, the harm caused by a person driving with a suspended license is the same – the operation of a vehicle by a person whose privilege to do so has been temporarily taken away. Given this conclusion, the three driving under suspension offenses were allied offenses of similar import requiring merger. We further conclude that the trial court committed plain error by not ordering merger of the offenses. Davis's first assignment of error is sustained.

{¶ 23} For the reasons stated, Davis's second assignment of error is overruled and her first assignment of error is sustained. The trial court's judgments are affirmed in part and reversed in part. The cases are remanded for the trial court to merge the three convictions, allow the Village of Mechanicsburg to elect the offense on which to proceed, and impose an appropriate sentence on that offense.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Roger Steffan
Mary Adeline R. Lewis
Hon. Gil S. Weithman