[Cite as *State v. Franklin*, 2025-Ohio-4510.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-03-017 |
| | : | OPINION AND |
| - vs - | | JUDGMENT ENTRY |
| | : | 9/29/2025 |
| ANTHONY JAMES FRANKLIN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 24CR42157

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

# **O P I N I O N**

**PIPER, J.**

{¶ 1} Appellant, Anthony James Franklin, appeals his conviction in the Warren County Court of Common Pleas after a jury found him guilty of failing to comply with the order or signal of a police officer and driving under suspension, crimes for which he was

sentenced to serve a total of 30 months in prison. For the reasons outlined below, we affirm Franklin's conviction.

**Facts and Procedural History**

{¶ 2} On November 25, 2024, the Warren County Grand Jury returned a two-count indictment against Franklin. The indictment charged Franklin with failing to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony in accordance with R.C. 2921.331(C)(5)(a)(ii), and driving under suspension in violation of R.C. 4510.11(A), a first-degree misdemeanor pursuant to R.C. 4510.11(D)(1). The charges arose after Franklin failed to comply with the order or signal of a police officer to bring his truck to a stop while driving in the municipality of Franklin, Warren County, Ohio. Franklin was also operating his truck with a suspended driver's license. Franklin took the police on a high-speed chase that created a substantial risk of serious physical harm to persons or property.

{¶ 3} On January 13, 2025, the matter proceeded to a one-day jury trial. During the trial, the jury heard testimony from two witnesses, Officer Alexander Berlin and Shantel Pickett.

{¶ 4} Officer Berlin is a patrol officer with the City of Franklin Police Department. Officer Berlin testified that during the early morning hours of September 26, 2023, he ran a search on LEADs of the temporary tag displayed on the back window of a truck parked at the Speedway gas station located in downtown Franklin.[1] That search returned a photograph of Franklin from the Ohio Bureau of Motor Vehicles' database identifying Franklin as the truck's owner. That search also returned information indicating Franklin resided in the Dayton, Ohio area and that Franklin's driver's license was at that time

---

1. "LEADS is Ohio's law enforcement computer network with links to various records, including motor vehicle records at the Bureau of Motor Vehicles." *State v. McClain*, 2006-Ohio-6708, ¶ 2, fn. 1 (12th Dist.).

suspended. There was no information indicating Franklin's truck had been reported as missing or stolen.

{¶ 5} Officer Berlin testified that upon receiving this information he pulled around the parking lot to initiate a traffic stop on the truck. Officer Berlin testified that the truck was at that time pulling out of the parking lot and onto the street at a high rate of speed. Officer Berlin testified that upon seeing the truck speeding away that he turned on the cruiser's overhead lights and sirens. Officer Berlin testified that the truck, rather than stopping, "continued at a high rate of speed running multiple lights" before proceeding onto northbound I-75 towards Dayton. Officer Berlin testified that he attempted to pursue the truck north on I-75 as it was "weaving in and out of traffic" at speeds "anywhere from 95 to 110" mph but was told to discontinue the pursuit after the truck turned south onto State Route 4 heading back towards Dayton.

{¶ 6} Officer Berlin testified that immediately after terminating the pursuit of the truck that he returned to the Speedway gas station located in downtown Franklin. Once there, Officer Berlin testified that he was able to obtain two photographs of the person who entered the truck immediately prior to it pulling out of the parking lot and onto the street. Officer Berlin testified that he then compared those two photographs with the photograph of Franklin that he received from the Ohio BMV database. Officer Berlin testified this comparison led him to believe that all three photographs were pictures of Franklin. Officer Berlin further testified he then sent one of those photographs to an individual familiar with Franklin. That individual was later identified as Shantel Pickett, the other witness who testified at trial. Officer Berlin testified that Pickett positively identified the person in the photographs as Franklin. Pickett's trial testimony verified Officer Berlin's testimony.

{¶ 7} Following deliberations, the jury returned a verdict finding Franklin guilty of

both failing to comply with the order or signal of a police officer and driving under suspension. The following month, on February 25, 2025, the trial court held a sentencing hearing where it sentenced Franklin to serve 30 months in prison, less 117 days of jail-time credit. The trial court also ordered Franklin's driver's license to be suspended for a period of three years. The trial court further notified Franklin that he would be subject to a mandatory period of postrelease control of up to three years, but not less than one year, upon his release from prison.

{¶ 8} On March 5, 2025, Franklin filed a notice of appeal. Franklin's appeal was submitted to this court for consideration on August 20, 2025. Franklin's appeal is now properly before this court for decision. Franklin has raised two assignments of error for review.

**Franklin's First Assignment of Error**

{¶ 9} FRANKLIN'S CONVICTION FOR FAILURE TO COMPLY IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE OR THE WEIGHT OF THE EVIDENCE.

{¶ 10} In his first assignment of error, Franklin argues his conviction for failing to comply with the order or signal of a police officer was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.

{¶ 11} A claim challenging the sufficiency of the evidence "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 2013-Ohio-5202, ¶ 34 (12th Dist.). When making this determination, "[t]he relevant inquiry is 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Roper*, 2022-Ohio-244, ¶ 39 (12th Dist.), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. When conducting

- 4 -

this review, "appellate courts do not assess whether the prosecution's evidence is to be believed but whether, if believed, the evidence supports the conviction." *State v. Carter*, 2018-Ohio-29, ¶ 7 (8th Dist.), citing *State v. Yarbrough*, 2002-Ohio-2126, ¶ 79-80. Therefore, when determining whether a defendant's conviction was supported by sufficient evidence, "[t]his court merely determines whether there exists any evidence in the record that the trier of fact could have believed, construing all evidence in favor of the state, to prove the elements of the crime beyond a reasonable doubt." *State v. Brummett*, 2024-Ohio-2332, ¶ 9 (12th Dist.).

{¶ 12} "A verdict can be against the manifest weight of the evidence even though legally sufficient evidence supports it." *State v. Knuff*, 2024-Ohio-902, ¶ 207. This is because, unlike the sufficiency-of-the-evidence standard of review, which addresses the state's burden of production, "'a manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion.'" *State v. Casey*, 2024-Ohio-689, ¶ 10 (12th Dist.), quoting *State v. Messenger*, 2022-Ohio-4562, ¶ 26. "To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Lewis*, 2020-Ohio-3762, ¶ 18 (12th Dist.), citing *State v. Wilks*, 2018-Ohio-1562, ¶ 168. This court will overturn a conviction on manifest-weight grounds "only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Kaufhold*, 2020-Ohio-3835, ¶ 10 (12th Dist.).

{¶ 13} Franklin was convicted of failing to comply with the order or signal of a police officer in violation of R.C. 2921.331(B). That statute prohibits any person from operating

a motor vehicle "so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." A violation of R.C. 2921.331(B) is generally charged as a fourth-degree felony. R.C. 2921.331(C)(3). However, the offense rises to a third-degree felony if the jury finds, beyond a reasonable doubt, that the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. 2921.331(C)(5)(a)(ii). A "substantial risk" means "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8).

{¶ 14} Franklin argues his conviction for failing to comply with the order or signal of a police officer should be reversed on sufficiency and manifest weight grounds because the state failed to provide any "direct evidence" that he was the individual who was operating the truck that took Officer Berlin on a high-speed chase during the early morning hours of September 26, 2023. Franklin argues the evidence presented by the State merely proves that he was the owner of the truck, not the truck's operator, when considering there was no eye-witness testimony positively identifying him as the truck's operator that morning.[2] However, like any fact, the State is not limited to proving the identity of the perpetrator by direct evidence. *State v. Ostermeyer*, 2021-Ohio-3781, ¶ 41 (12th Dist.). "The state can also prove the identity of the perpetrator by circumstantial evidence." *State v. Edwards*, 2023-Ohio-2632, ¶ 62 (12th Dist.), citing *State v. Teitelbaum*, 216-Ohio-3524, ¶ 120 (10th Dist.).

{¶ 15} The evidence presented by the State in this case, albeit circumstantial, was

---

2. Strangely, Franklin does not challenge his conviction for driving under suspension as not being supported by sufficient evidence or against the manifest weight of the evidence. Therefore, by not appealing his driving under suspension conviction, Franklin is impliedly conceding that he was, in fact, operating the truck that led Officer Berlin on a high-speed chase.

more than enough for the jury to find, beyond a reasonable doubt, that Franklin was the individual who was operating his truck during the early morning hours of September 26, 2023. This included Officer Berlin himself testifying that his investigation into the matter ultimately led him to conclude that it was Franklin who had been operating the truck that morning. Contrary to Franklin's claim, Officer Berlin's investigation included more than just a search on LEADs of the temporary tag displayed on his truck's back window. It also included Officer Berlin sending a photograph to Shantel Pickett, a person familiar with Franklin, who positively identified the individual in the photographs as Franklin. This was the same man who Officer Berlin testified he saw getting into the truck just before the truck pulled out of the Speedway gas station parking lot and onto the street at a high rate of speed.

{¶ 16} The jury, considering this evidence and applying its logic and common sense, determined that Franklin was not merely the owner of the truck but also the operator of the truck who took Officer Berlin on a high-speed chase during the early morning hours of September 26, 2023. This was not an error. This is because, contrary to Franklin's assertion overwise, "[t]here is no requirement that an accused must be identified as the perpetrator by a witness testifying in court or during a photo lineup." *State v. Hibbard*, 2023-Ohio-983, ¶ 20 (12th Dist.). Either direct or circumstantial evidence can be used to sufficiently prove the elements of a crime beyond a reasonable doubt. *See State v. Dunn*, 2024-Ohio-5742, ¶ 32 (noting that "[c]ircumstantial evidence is not less probative than direct evidence, and, in some instances, is even more reliable"); *see also State v. Cooper*, 2002-Ohio-617, ¶ 13 (12th Dist.). Therefore, because Franklin's conviction for failing to comply with the order or signal of a police officer was supported by sufficient evidence and was not against the manifest weight of the evidence, Franklin's first assignment of error lacks merit and is overruled.

**Franklin's Second Assignment of Error**

{¶ 17} THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE FRANKLIN'S CONVICTIONS FOR FAILURE TO COMPLY AND DRIVING ON A SUSPENDED LICENSE.

{¶ 18} In his second assignment of error, Franklin argues the trial court committed plain error by failing to merge the two offenses for which he was convicted. Franklin claims that those two offenses, failing to comply with the order or signal of a police officer and driving under suspension, are allied offenses of similar import. To support this claim, Franklin argues that both offenses arose from the same conduct, his "driving away from the parking lot." However, while it may be true that the imposition of multiple sentences for allied offenses of similar import may constitute plain error, *State v. Salinas*, 2025-Ohio-1777, ¶ 12 (12th Dist.), the record does not factually support Franklin's argument.

{¶ 19} The record instead plainly establishes that Franklin deliberately failed to adhere to Officer Berlin's order to bring his truck to a stop shortly after pulling out of the Speedway gas station parking lot and onto the street at a high rate of speed. Franklin then proceeded to take Officer Berlin on a high-speed chase at speeds of anywhere between 95 to 110 mph. This was wholly separate and distinct conduct from Franklin's driving under suspension, the commission of which occurred the moment Franklin began operating his truck with a suspended driver's license. "It is well established that offenses committed by separate conduct are not allied offenses subject to merger." *State v. Babb*, 2024-Ohio-2018, ¶ 16 (12th Dist.). Therefore, for this reason alone, the trial court did not err, plain or otherwise, by failing to merge the two offenses for which Franklin was convicted.

{¶ 20} The offenses also do not merge because they created separate, identifiable harms, thereby constituting offenses of dissimilar import. *State v. Clowers*, 2019-Ohio-

4629, ¶ 30 (12th Dist.) (noting that offenses are of dissimilar import where "the offenses created, separate identifiable harms"). Failing to comply with the order or signal of a police officer is an offense created solely by the offender's conduct, which in this case resulted in Franklin risking harm to Officer Berlin, other motorists, and pedestrians in the areas where the high-speed chase had occurred. *State v. Colquitt,* 2025-Ohio-2727, ¶ 37 (12th Dist.). Driving under suspension, on the other hand, is a status offense that occurs when the offender loses their driving privileges and subsequently decides to operate a motor vehicle anyway. The very act of Franklin operating his truck caused harm to the citizens in the areas where that operation occurred, regardless of the way in which Franklin was operating his truck or whether Franklin was complying with Officer Berlin's orders when operating his truck. *State v. Davis*, 2022-Ohio-3758, ¶ 22 (2d Dist.) (stating that mere "operation of a vehicle by a person whose privilege to do so has been temporarily taken away" causes harm to citizens).

{¶ 21} Franklin's operation of his truck with a suspended driver's license also "undermin[ed] the judicial system and the trust the public places in court orders," thus causing additional harm to "the integrity of the judicial system." *See State v. Hymer*, 2025-Ohio-1691, ¶ 29 (12th Dist.) (holding that one of the harms resulting from the violation of a protection order is to the integrity of the judicial system). While both offenses involved Franklin's deliberate defiance of authority, one involved a law enforcement officer in the field, Officer Berlin, whereas the other involved a judge's order pronounced in open court. Therefore, the offenses for which Franklin was convicted, failing to comply with the order or signal of a police officer and driving under suspension, also do not merge because they created separate, identifiable harms, thereby constituting offenses of dissimilar import. Consequently, for either of the two reasons set forth above, the trial court did not err, plain or otherwise, by failing to merge the two offenses for which Franklin was convicted.

- 9 -

Accordingly, finding no merit to any of the arguments raised by Franklin herein, Franklin's second assignment of error also lacks merit and is overruled.

## Conclusion

{¶ 22} For the reasons outlined below, and having found no merit to either of Franklin's two assignments of error, Franklin's appeal from his conviction for failing to comply with the order or signal of a police officer and driving under suspension, crimes for which he was sentenced to serve a total of 30 months in prison, is denied.

{¶ 23} Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.

## JUDGMENT ENTRY

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Matthew R. Byrne, Judge